## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL E. SULLIVAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:25-CV-2006-JPB |
| | ) | |
| W. MICHAEL MALOOF JR. | ) | |
| d/b/a THE MALOOF LAW FIRM, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE SETTLEMENT COMMUNICATIONS UNDER FEDERAL RULE OF EVIDENCE 408

COMES NOW Defendant W. Michael Maloof, Jr., by and through undersigned counsel, and respectfully moves this Court to strike references to settlement communications contained in Plaintiff's Complaint pursuant to Federal Rule of Evidence 408. This motion is supported by the accompanying memorandum of law in compliance with N.D. Ga. Civ. R. 7.1(A). In support thereof, Defendant shows the Court as follows:

## I. INTRODUCTION

Plaintiff's Complaint contains numerous references to settlement discussions, offers, and negotiations between the parties that are inadmissible under Federal Rule of Evidence 408. These references prejudice Defendant and should be stricken from the pleadings before this case proceeds further.

1

## II. LEGAL STANDARD

Federal Rule of Evidence 408 provides that evidence of conduct or statements made during compromise negotiations is not admissible to prove or disprove the validity or amount of a disputed claim. Fed. R. Evid. 408(a). This rule is based on the grounds that exclusion promotes the public policy of encouraging settlements. Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 203 F.3d 477, 483 (7th Cir. 2000). The Court prefers "to apply Rule 408 as written and exclude evidence of settlement offers to prove liability for or the amount of a claim regardless of which party attempts to offer the evidence." Pierce v. F.R. Tripler & Co., 955 F.2d 820, 828 (2d Cir. 1992). "Even where the evidence offered favors the settling party and is objected to by a party not involved in the settlement, Rule 408 bars admission of such evidence unless it is admissible for a purpose other than 'to prove liability for or invalidity of the claim or its amount.'" Id.; citing Kennon v. Slipstreamer, Inc., 794 F.2d 1067, 1069 (5th Cir. 1986).

The protection of Rule 408 applies broadly to settlement communications. See Pierce, 955 F.2d at 827-28 ("…[A]dmission into evidence of settlement offers, even by the offeror, could inhibit settlement discussions and interfere with the effective administration of justice…widespread admissibility of the substance of settlement offers could bring with it a rash of motions for disqualification of a party's chosen counsel who would likely become a witness at trial."); See also

2

<u>EEOC v. Gear Petroleum, Inc.</u>, 948 F.2d 1542 (10th Cir. 1991) (letter sent as part of settlement negotiation cannot be used to impeach defense witnesses by way of contradiction or prior inconsistent statement; such broad impeachment would undermine the policy of encouraging uninhibited settlement negotiations). "[T]he Court should decide against admitting statements made during settlement negotiations as impeachment evidence when they are used to impeach a party who tried to settle a case but failed. The philosophy of the Rule is to allow the parties to drop their guard and to talk freely and loosely without fear that a concession made to advance negotiations will be used at trial." <u>Id</u> at 1545-46 (citing Steven A. Saltzburg & Kenneth R. Redden, *Federal Rules of Evidence Manual* 286 (4th ed. 1986). "The almost unavoidable impact of the disclosure of such evidence is that the jury will consider the offer or agreement as evidence of a concession of liability. . . ." <u>EEOC</u>, 948 F.2d at 1546 (citing Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* para. 408[05] at 408-31, 408-34 (1991)).

## III. ARGUMENT

### A. The Complaint Contains Extensive References to Inadmissible Settlement Communications.

The Complaint contains numerous references to settlement discussions and offers that are protected by Rule 408, including but not limited to:

**Textual References:**

1. **Paragraphs 69-70**: References to Defendant's December 6, 2023, settlement offer of $15,000 with conditions, and December 8, 2023 "refund" proposal characterized as settlement terms.

2. **Paragraph 71**: References Sullivan's notification to Maloof via email that the December 6 settlement condition preventing bar grievances violated Rule 9.2, discussing settlement terms and conditions.

3. **Paragraph 73**: Contains an alleged admission from Maloof in the context of a future payment arrangement as part of settlement discussions.

4. **Paragraph 76:** Contains references to settlement discussions and Maloof's valuation of Sullivan's work as part of ongoing compromise negotiations.

5. **Paragraph 86**: Contains references to settlement discussions and negotiations regarding the structuring of settlement terms and conditions.

6. **Paragraphs 89-105**: Extensive discussion of settlement negotiations from April through October 2024, including:

   - April 22, 2024, payment plan proposal ($40,000 structured settlement)

   - September 18, 2024, settlement offer ($45,000 in installments)

   - October 2024 revised settlement proposals and terms

7. **Paragraph 95**: Reference to May 1, 2024, Tolling Agreement executed during settlement negotiations.

8. **Paragraph 98**: Discussion of June 3, 2024, arbitration proposal with settlement cap and $40,000 settlement alternative.

9. **Paragraph 100**: Reference to Defendant's refusal to honor settlement "refund" proposals.

10. **Paragraph 101**: Discussion of September 18, 2024, settlement offer conditioned on abandoning fee arbitration and ethics complaints.

11. **Paragraph 102**: Reference to attempted acceptance of settlement while maintaining arbitration rights.

12. **Paragraph 104**: Discussion of October 7, 2024, revised settlement proposal with Rule 9.2 issues.

13. **Paragraph 105**: Reference to October 8, 2024, settlement communications and threats regarding settlement offers.

14. **Paragraph 112(g)**: References to "Settlement Tactics" where "Maloof conditioned settlement offers on Plaintiff waiving rights to file bar grievances" citing specific settlement communications.

15. **Paragraph 124(c):** References to "Proposing binding arbitration for unpaid wages Dec 7, 2023" using settlement negotiation communications to establish elements of the retaliation cause of action.

16. **Paragraph 124(d):** References to "Proposing binding arbitration again Apr 15, 2024, referencing Sutton work/FLSA" using settlement negotiation

communications that explicitly proposed arbitration to resolve wage disputes.

17. **Paragraph 125(c):** References to "Threatening consequences if Sullivan pursued arbitration ('air out some dirty laundry')" citing Maloof's email as adverse action, using statements made during settlement negotiations where arbitration was proposed as an alternative dispute resolution method.

18. **Paragraph 125(d):** References to "Conditioning settlement offers on Plaintiff refraining from filing grievances/claims" citing specific settlement communications as adverse action, using the terms and conditions of settlement offers to prove retaliatory conduct.

19. **Paragraph 125(e):** References to "Providing shifting narratives about employment terms, performance, and payment refusals" citing Maloof's email as adverse action, using characterizations of settlement communications and refund offers made during compromise negotiations to prove retaliatory conduct.

20. **Paragraph 126:** References to causal connection between protected activity and adverse actions, citing "Maloof's subsequent actions," using settlement communications and arbitration proposals as evidence of causation, and noting "Maloof linked settlement to dropping claims" citing settlement offer.

21. **Paragraph 131:** References to alternative contract formation when Defendant promised payment using statements made during settlement negotiations where payment amounts and work valuation were being discussed as part of compromise efforts.

22. **Paragraph 138:** References to "Plaintiff rendered services expecting payment, shown by Defendant's 'Paid' offer" and multiple settlement-related communications including "proposing arbitration", and using arbitration proposals made during compromise negotiations as evidence of payment expectation.

23. **Paragraph 165(b):** References to "Making payment promises" and "settlement proposals with no apparent intent to fulfill, refusing own refund proposal," using settlement offers and refund proposals made during compromise negotiations as evidence of bad faith conduct to support attorney fees claim.

24. **Paragraph 165(d):** References to "Repeatedly conditioning settlement on Plaintiff refraining from bar grievances" citing specific settlement communications as evidence of bad faith conduct "potentially violating GRPC 9.2," using the terms and conditions of settlement offers to prove misconduct supporting attorney fees claim.

**Settlement-Related Characterizations Throughout:**

- Multiple references to settlement "tactics," "leverage," and "conditioning offers"

- Characterizations of Defendant's settlement motivations and strategies

- Use of settlement communications to suggest consciousness of guilt or liability

**B. Plaintiff's Exhibits Contain Inadmissible Settlement Communications**

In addition to the textual references, Plaintiff has attached exhibits that contain settlement communications protected by Rule 408, including[1]:

1. **Exhibit 28**: Maloof Email dated December 6, 2023 - Contains explicit settlement offer with specific terms and conditions.

2. **Exhibit 30**: Maloof Email dated December 8, 2023 - Contains "refund" settlement proposal and payment structure discussions.

3. **Exhibit 35**: Maloof Email dated April 22, 2024 - Contains structured settlement payment plan proposal.

4. **Exhibit 38**: Maloof Email dated June 3, 2024 - Contains binding arbitration settlement proposal with specific monetary parameters.

---

[1] The Plaintiff's Complaint refers to all these Exhibits, and the Plaintiff provides a list of what these Exhibits are. However, not all these Exhibits are attached to the Complaint, so some of these descriptions are based on what the Plaintiff has provided.

5. **Exhibit 40**: Maloof Email dated September 18, 2024 - Contains $45,000 settlement offer with installment terms and conditions.

6. **Exhibit 41**: Proposed Settlement Agreement dated October 7, 2024 - Entire exhibit consists of draft settlement agreement terms.

7. **Exhibit 42**: Maloof Emails dated October 8, 2024 - Contains communications regarding settlement offer modifications and negotiations.

8. **Exhibit 43**: Tolling Agreement effective May 2, 2024 - While the tolling agreement itself may be admissible to establish statute of limitations issues, it references ongoing settlement discussions and should be redacted accordingly.

**C. These Settlement Communications Are Not Admissible Under Any Exception.**

The settlement communications referenced in the Complaint do not fall within the recognized exceptions to Rule 408. Plaintiff cannot use these communications to prove liability, the amount of damages, or Defendant's purported misconduct. The references serve no proper purpose other than to prejudice Defendant.

**D.  The Settlement References Prejudice Defendant and Should Be Stricken**

The inclusion of settlement communications in the Complaint:

1. Violates the policy underlying Rule 408 by potentially discouraging future settlement discussions;

2. Prejudices Defendant by suggesting consciousness of guilt or liability based on willingness to settle;

3. Introduces irrelevant evidence that will confuse issues at trial; and

4. Violates fundamental fairness by using Defendant's good faith settlement efforts against him.

**E. The Complaint Contains Improper Disclosure of Confidential Third-Party Settlement Information**

Separate and apart from the Rule 408 violations, the Complaint contains improper disclosures of confidential settlement information from third-party cases that Plaintiff learned about during his employment with Defendant. This confidential information should be stricken on independent grounds:

**Confidential Client Settlement Information:**

1. **Paragraph 41**: Discloses that the Cooley v. Ashita case settled for $1.87 million in June 2023, generating approximately $374,000 in attorney fees for Defendant.

2. **Paragraph 62**: Repeats the confidential Cooley settlement amount ($1.87 million) and attorney fees (~$374,000).

3. **Paragraph 93**: Uses Defendant's receipt of ~$374,000 from the Cooley settlement as evidence to contradict claims of financial hardship.

**Legal Basis for Striking Confidential Settlement Information:**

This information should be stricken because: (1) settlement agreements typically contain confidentiality provisions that prohibit disclosure of settlement terms; (2) Plaintiff learned this information through his relationship with Defendant and owes duties of confidentiality; (3) the information constitutes attorney-client privileged information regarding Defendant's representation of third-party clients; (4) disclosure violates professional responsibility rules governing confidentiality of client information; and (5) the settlement amounts and attorney fee information from unrelated cases is irrelevant to the underlying employment claims and highly prejudicial.

### IV. SPECIFIC RELIEF REQUESTED

Defendant respectfully requests that this Court strike the following specific references from Plaintiff's Complaint:

**A. Strike the Following Paragraphs in Their Entirety:**

1. Paragraph 41

2. Paragraph 62

3. Paragraph 69

4. Paragraph 70

11

5. Paragraph 71

6. Paragraph 73

7. Paragraph 76

8. Paragraph 86

9. Paragraph 89

10. Paragraph 90

11. Paragraph 91

12. Paragraph 92

13. Paragraph 93

14. Paragraph 94

15. Paragraph 95

16. Paragraph 96

17. Paragraph 97

18. Paragraph 98

19. Paragraph 99

20. Paragraph 100

21. Paragraph 101

22. Paragraph 102

23. Paragraph 103

24. Paragraph 104

25. Paragraph 105

26. Paragraph 112(g)

27. Paragraph 124(c)

28. Paragraph 124(d)

29. Paragraph 125(c)

30. Paragraph 125(d)

31. Paragraph 125(e)

32. Paragraph 126

33. Paragraph 131

34. Paragraph 138

35. Paragraph 165(b)

36. Paragraph 165(d)

## B. Strike the Following Exhibits in Their Entirety:

1. Exhibit 28

2. Exhibit 30

3. Exhibit 35

4. Exhibit 38

5. Exhibit 40

6. Exhibit 41

7. Exhibit 42

8.  Exhibit 43

# V. CONCLUSION

The extensive references to settlement communications in Plaintiff's Complaint violate Federal Rule of Evidence 408 and prejudice Defendant. These references serve no proper evidentiary purpose and should be stricken to preserve the integrity of the settlement process and ensure a fair trial on the merits.

WHEREFORE, Defendant respectfully requests that this Court:

A. Grant this Motion to Strike;

B. Strike the following paragraphs from Plaintiff's Complaint in their entirety: 41, 62, 69, 70, 71, 73, 76, 86, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 112(g), 124(c), 124(d), 125(c), 125(d), 125(e), 126, 131, 138, 165(b), and 165(d);

C. Strike the following exhibits in their entirety: Exhibits 28, 30, 35, 38, 40, 41, 42, and 43;

D. Order Plaintiff to file an amended complaint and amended exhibits conforming to this Court's ruling; and

E. Grant such other and further relief as this Court deems just and proper.

This 17th day of June, 2025.

Respectfully submitted,

       GUILMETTE PULVER LLC
       1355 Peachtree St. NE
       Suite 1125
       Atlanta, Georgia 30309

By:   */s/ Bryan J. Henderson*
       Bryan J. Henderson, Esq.
       Georgia Bar No. 821624
       William S. Cleveland, Esq.
       Georgia Bar No. 721593
       b.henderson@guilmettepulver.com
       w.cleveland@guilmettepulver.com
       *Counsel for Defendant W. Michael Maloof Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ Bryan J. Henderson*
Bryan J. Henderson, Esq.
*Counsel for Defendant W. Michael Maloof Jr.*