UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 24 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MICHAEL E. SULLIVAN, JR.,

    Plaintiff,

v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

    Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

## PLAINTIFF'S MOTION TO COMPEL SERVICE OF DEFENDANT'S ANSWER AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 5.1(A)(3)

COMES NOW Plaintiff, Michael E. Sullivan, Jr., proceeding *pro se*, and respectfully moves this Court for an Order directing Defendant's counsel to comply with Federal Rule of Civil Procedure 5(a)(1), Local Rule 5.1(A)(3) of the Northern District of Georgia, and this Court's Standing Order by immediately serving Plaintiff with copies of Defendant's Answer and Affirmative Defenses [Doc. 4] and Motion to Strike [Doc. 5]. Additionally, all response deadlines should be reset to run from the date of actual service to prevent prejudice to Plaintiff. In support thereof, Plaintiff shows the Court as follows:

## INTRODUCTION

Defendant's Answer [Doc. 4] and Motion to Strike [Doc. 5] contain certificates of service claiming documents were served on Plaintiff's

1

"attorneys of record." This assertion is logically impossible – a *pro se* plaintiff, by definition, has no attorneys of record or access to CM/ECF – and Defendant's own certificates thus confirm that no service on Plaintiff occurred. This is a clear violation of Federal Rule of Civil Procedure 5, Local Rule 5.1(A)(3), and this Court's Standing Order which requires immediate correction and reset response deadlines to prevent prejudice to Plaintiff's rights.

## STATEMENT OF FACTS

1. Plaintiff's contact information has been a matter of public record since April 11, 2025; his mailing address is listed on the Complaint [Doc. 1], the Civil Cover Sheet [Doc. 1-1], and the Summons [Doc. 2], and his email address appears no fewer than fifteen (15) times within the Complaint and its attached exhibits [Doc. 1].

2. This Court's Standing Order [Doc. 3] was filed into the record on April 14, 2025, before both filings at issue.

3. On June 16, 2025, Defendant filed Defendant's Answer [Doc. 4] and included a "Certificate of Service" stating:

> "I hereby certify that on June 16, 2025, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record." [Doc. 4].

4.     On June 17, 2025, Defendant filed a Motion to Strike [Doc. 5] with a Certificate of Service stating:

> "I hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record." [Doc. 5].

5.     Plaintiff is proceeding *pro se* and is not a registered user of the CM/ECF system or an "attorney of record."

6.     On June 17, 2025, the same day Defendant filed his Motion to Strike, Defendant was personally served with the Summons. The Summons states on its face: **"The answer or motion must be served on the plaintiff or plaintiff's attorney**, whose name and address are: MICHAEL E. SULLIVAN, JR., **3324 Peachtree Road NE, Unit 1405, Atlanta, GA 30326"**. (See Summons [Doc. 2]; Return of Service [Doc. 6]).

7.     On June 24, 2025, Plaintiff attempted to resolve this matter directly with opposing counsel via a letter sent by Certified Mail, requesting that service be properly made (see Exhibit A). As of the filing of this Motion, counsel has not responded or served the documents.

## LEGAL STANDARD

As this Court emphasized in its Standing Order, the Federal Rules must be construed to secure the "just, speedy and economical disposition of

3

cases." This principle requires strict compliance with service rules, particularly those protecting *pro se* parties.

## I. Federal Rule of Civil Procedure 5 Mandates Service on All Parties

Federal Rule of Civil Procedure 5 establishes the fundamental requirement that all filings must be served on every party. The rule provides:

> "Unless these rules provide otherwise, each of the following papers must be served on every party: (A) an order stating that service is required; (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants; (C) a discovery paper required to be served on a party, unless the court orders otherwise; (D) a written motion, except one that may be heard ex parte; and (E) a written notice, appearance, demand, or offer of judgment, or any similar paper. Fed. R. Civ. P. 5(a)(1).

The rule further specifies the methods of proper service, distinguishing between electronic service and traditional methods:

> "A paper is served under this rule by: ... (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served..." Fed. R. Civ. P. 5(b)(2)(E).

For parties who are not registered users of the electronic filing system, the rule mandates service through conventional means:

> "A paper is served under this rule by: ... (C) mailing it to the person's last known address—in which event service is complete upon mailing..." Fed. R. Civ. P. 5(b)(2)(C).

4

## II. Local Rule 5.1(A)(3) Specifically Addresses Service on Non-ECF Users

This District's Local Rules provide explicit guidance for serving parties who are not registered users of the CM/ECF system:

> "Filing in the Court's electronic case files ('ECF') system constitutes service of the filed documents on registered users. Parties who are not registered users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and these Local Rules." L.R. 5.1(A)(3), NDGa.

## III. This Court's Standing Order Imposes Additional Service Requirements

This Court's Standing Order, filed on April 14, 2025, provides further clarity regarding service on *pro se* litigants:

> "*Pro se* litigants are not part of the Court's electronic filing system and should be served directly."

The Standing Order also establishes a dual-service requirement when a *pro se* party provides an email address:

> "*Pro se* parties are encouraged to provide the opposing party or opposing party's counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings via email and regular mail."

## IV. Response Deadlines Run from Actual Service

Local Rule 7.1 establishes the timeline for responding to motions, which begins to run only upon proper service:

5

> "Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion." L.R. 7.1(B), NDGa.

## V. Early Planning Conference Deadlines Create Additional Urgency

Local Rule 16.1 imposes strict deadlines that begin running from the filing of an answer, regardless of service:

> "Prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in person in an effort to settle the case, discuss discovery, limit issues, and discuss other matters also addressed in the Joint Preliminary Report and Discovery Plan. The conference shall be held within sixteen days after the appearance of a defendant by answer or motion and shall comply with the requirements of Fed. R. Civ. P. 26(f)." L.R. 16.1, NDGa.

These overlapping rules create a comprehensive framework requiring direct service on *pro se* parties through both mail and email (when provided), with all response deadlines running from the date of actual service rather than filing.

## ARGUMENT

## I. Defendant's Certificates of Service Admit Non-Compliance

Defendant's counsel has failed to comply with the mandatory service requirements of the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's Standing Order. The Certificates of Service for both

6

Defendant's Answer [Doc. 4] and the Motion to Strike [Doc. 5] confirm that service was made exclusively via the CM/ECF system on "all attorneys of record." As a *pro se* litigant, Plaintiff is not a registered user of CM/ECF and is not an "attorney of record." Therefore, Defendant's own filings serve as an admission that legally effective service on Plaintiff has not occurred.

## II.    Defendant's Lack of Service Was Defective as a Matter of Law

Plaintiff's Complaint and its exhibits clearly contain his mailing address and email address in numerous locations. [Docs 1, 1-1, 2]. This information, a matter of record since the case's inception, triggered the mandatory, dual-service requirement in this Court's Standing Order, which was on the docket before the filings at issue. [Doc. 3]. The Standing Order is unequivocal: "If a *pro se* party provides an email address, opposing counsel **shall serve copies of all pleadings via email and regular mail.**" (emphasis added).

Despite this direct command from the Court, Defendant's counsel failed to adhere to the service protocol. Service of Defendant's Answer or the Motion to Strike was not made upon Plaintiff by U.S. Mail, email, or any other means. This represents a complete failure to effectuate service by either of the two required methods. Plaintiff has repeatedly provided his address

7

[Docs. 1, 1-1, 2] and email address [Doc. 1][1], most recently in his letter to Defendant's counsel sent on June 24, 2025 explicitly reminding it of its obligations under the Standing Order and Local Rule 5.1(A)(3).

At the time of filing this motion, Defendant's counsel has still failed to serve the documents.

### III. The Service Failure Has Caused Concrete Prejudice

This failure of service is not harmless error; it has created concrete prejudice by denying Plaintiff notice and opportunity to respond.

---

[1] Plaintiff's email address appears no fewer than fifteen (15) times throughout this docket record, providing Defendant's counsel with repeated notice of Plaintiff's contact information:
1. [Doc. 1, p. 47] In the signature block of the Complaint.
2. [Doc. 1, p. 13] Stated in the body of the Complaint.
3. [Doc. 1, p. 55] Email Header in Exhibit 31.
4. [Doc. 1, p. 55] "To:" line in Exhibit 31.
5. [Doc. 1, p. 55] Quoted Email Header in Exhibit 31.
6. [Doc. 1, p. 58] Email Header in Exhibit 36.
7. [Doc. 1, p. 58] "To:" line in Exhibit 36.
8. [Doc. 1, p. 58] Quoted Email Header in Exhibit 36.
9. [Doc. 1, p. 59] Quoted Email Header in Exhibit 36.
10. [Doc. 1, p. 60] Quoted Email Header in Exhibit 36.
11. [Doc. 1, p. 61] Quoted Email Header in Exhibit 36.
12. [Doc. 1, p. 61] Email Signature in the body of the Apr. 19, 2024 email.
13. [Doc. 1, p. 61] Quoted Email Header in Exhibit 36.
14. [Doc. 1, p. 62] Email Signature in the body of the Dec. 19, 2023 email.
15. [Doc. 1, p. 62] Quoted Email Header in Exhibit 36.

First, Defendant filed his Defendant's Answer on June 16, 2025. Eight days have passed during which Plaintiff could have been analyzing Defendant's denials and affirmative defenses, but cannot because he doesn't know they exist.

Second, Defendant filed its Motion to Strike on June 17, 2025. Under Local Rule 7.1(B), Plaintiff has 14 days "after service of the motion" to respond. Without service, this deadline cannot begin. Seven days have passed during which Defendant prepares arguments against a plaintiff who doesn't know the motion exists.

Third, Local Rule 16.1 requires parties to hold a Rule 26(f) conference "within sixteen days after the appearance of a defendant by answer or motion." This deadline runs from filing, not service. Eight of those sixteen days are gone. Plaintiff cannot prepare for a conference about Defendant's Answer he has never seen.

Fourth, the Local Rule 16.1 conference deadline creates a procedural trap. Plaintiff must prepare for a Rule 26(f) conference about an Answer containing denials and affirmative defenses he has never seen, potentially waiving objections or making admissions without full knowledge of Defendant's positions.

Defendant's counsel—experienced attorneys at a prominent firm—certified that service was made on "all attorneys of record." As officers of this Court, they know *pro se* plaintiffs have no attorneys of record. They know Local Rule 5.1(A)(3) and Judge Boulee's Standing Order require direct service. Yet they filed certificates stating otherwise. This procedural violation requires correction to maintain the integrity of the Court's service requirements and ensure fairness to *pro se* litigants.

## IV. This Court Has Already Addressed This Exact Violation

In *Clark v. X Corp.*, this Court *sua sponte* ordered counsel to properly serve a *pro se* plaintiff after noting that documents had been served exclusively via CM/ECF. The Court stated:

> "It has come to the Court's attention that Plaintiff was not properly served a copy of Documents 23, 24, 25. Counsel for X Corp. are DIRECTED to comply with Local Rule 5.1(A)(3) and are hereby ORDERED to mail Plaintiff copies of the aforementioned documents, any other documents not previously mailed and any future filings going forward." *Clark v. X Corp.*, No. 1:23-cv-05840-JPB, docket text order (N.D. Ga. May 6, 2024).

The circumstances here present an even stronger case for relief than *Clark*. Unlike the plaintiff in *Clark* who responded to improperly served documents without challenging the defective service, Plaintiff here proactively challenges the service violation before engaging with the substance of Defendant's filings. This demonstrates greater diligence in

10

protecting procedural rights and creates a stronger foundation for this Court's intervention.

Defendant's counsel's failure to comply with these requirements constitutes a procedural violation that must be remedied to ensure fairness and adherence to established rules. The relief requested here—an order compelling service and resetting deadlines to run from actual service—follows directly from this Court's established precedent and is the only remedy that can cure the procedural prejudice.

## CONCLUSION

The failure to serve Plaintiff directly prejudices his rights by shortening response deadlines and creating procedural disadvantage. The remedy is straightforward: immediate direct service and reset response deadlines to run from the date of actual service, ensuring Plaintiff receives the full time contemplated by the rules. The service requirements upon *pro se* litigants in this District are clear, mandatory, and have been consistently enforced by this Court.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order:

(1)     Grant this Motion;

(2) ORDER Defendant to immediately serve Defendant's Answer and Motion to Strike on Plaintiff by U.S. Mail and email;

(3) DIRECT that the effective service date for the Defendant's Answer and Motion to Strike shall be the date of actual service on Plaintiff, for purposes of calculating any and all response deadlines;

(4) ORDER Defendant's counsel to comply with Local Rule 5.1(A)(3) and this Court's Standing Order for all future filings;

(5) DIRECT Defendant's counsel to file a Notice of Compliance after serving the documents as ordered; and

(6) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 24th day of June, 2025.

*/s/ Michael Sullivan*

Michael E. Sullivan, Jr.,
Plaintiff *pro se*
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

### EXHIBIT LIST

**Exhibit A**  Letter to Defendant's Counsel, sent via USPS Certified Mail, dated June 24, 2025

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL SERVICE OF DEFENDANT'S ANSWER AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 5.1(A)(3)** was served upon Defendant's counsel by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

Bryan J. Henderson, Esq.

>William S. Cleveland, Esq.
>GUILMETTE PULVER LLC
>1355 Peachtree St. NE, Suite 1125
>Atlanta, Georgia 30309-4902

This, the 24th day of June, 2025.

>*/s/ Michael Sullivan*
>**Michael E. Sullivan, Jr.,**
>Plaintiff *pro se*
>3324 Peachtree Road NE, Unit 1405
>Atlanta, GA 30326
>(678) 372-3000
>msullivanjr@gmail.com

### FONT AND POINT CERTIFICATION

The undersigned Plaintiff hereby certifies that the within and foregoing **PLAINTIFF'S MOTION TO COMPEL SERVICE OF DEFENDANT'S ANSWER AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 5.1(A)(3)** was prepared using Century Schoolbook, 13-point font in accordance with LR 5.1(C).

# EXHIBIT A

Letter to Defendant's Counsel, sent via USPS Certified Mail, dated June 24, 2025

MICHAEL SULLIVAN
3324 PEACHTREE RD NE UNIT 1405
ATLANTA GA 30326-1477

$5.54   US POSTAGE
FIRST-CLASS IMI
Jun 24 2025
Mailed from ZIP 30326
1 OZ FIRST-CLASS MAIL LETTER
RATE
ZONE 1
11923275

063S0011485645

**USPS CERTIFIED MAIL**



9407 1118 9876 5446 0020 95

GUILMETTE PULVER LLC
Bryan J. Henderson, Esq.
1355 PEACHTREE ST NE STE 1125
ATLANTA GA 30309-4902

Michael E. Sullivan, Jr.
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

June 24, 2025

**VIA CERTIFIED MAIL WITH ELECTRONIC DELIVERY CONFIRMATION
CERTIFIED MAIL NO: 9407 1118 9876 5446 0020 95**

Bryan J. Henderson, Esq.
William S. Cleveland, Esq.
GUILMETTE PULVER LLC
1355 Peachtree St. NE, Suite 1125
Atlanta, GA 30309

**RE:   Michael E. Sullivan, Jr. v. W. Michael Maloof, Jr., d/b/a The Maloof Law Firm
Civil Action No. 1:25-cv-02006-JPB
Service of Docket Defendant's Answer [Doc. 4] and Motion to Strike [Doc. 5]**

Dear Counsel:

I am writing to inform you that I have not been served with Defendant's Answer [Doc. 4] and Motion to Strike [Doc. 5] in the above-styled civil action.

The Certificates of Service for these documents state that service was effectuated via the Court's CM/ECF system upon my "attorneys of record." As a *pro se* plaintiff, I am not a registered CM/ECF user and have no attorney of record. Consequently, proper service has not occurred, and I have not received these pleadings by U.S. Mail, email, or other means.

My physical address, which is contained in the record no less than three (3) times, and my email address, listed no fewer than fifteen (15) times, are readily available on the docket. As you are aware, service on pro se litigants in this district is governed by Federal Rule of Civil Procedure 5, Local Rule 5.1(A)(3), and the Court's Standing Order. The Standing Order specifically requires that where a *pro se* party provides an email address, "opposing counsel shall serve copies of all pleadings via email and regular mail."

I am once again providing my email address – msullivanjr@gmail.com – and await proper service of the outstanding documents.

Sincerely,

*[signature]*
Michael E. Sullivan, Jr.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR.,<br>　Plaintiff,<br>　　v.<br>W. MICHAEL MALOOF, JR.,<br>d/b/a THE MALOOF LAW FIRM,<br>　Defendant. | Civil Action No.:<br>**1:25-cv-02006-JPB** |

## [PROPOSED] ORDER

This matter is before the Court on Plaintiff's Motion to Compel Service and Reset Deadlines (the "Motion"). The Court finds that Plaintiff, proceeding *pro se*, was not properly served with Defendant's Answer [Doc. 4] and Motion to Strike [Doc. 5] in accordance with Federal Rule of Civil Procedure 5, Local Rule 5.1(A)(3), and this Court's Standing Order.

Accordingly, Plaintiff's Motion is **GRANTED**. It is hereby **ORDERED** as follows:

(1) Defendant's counsel shall immediately serve Plaintiff with copies of Defendant's Answer [Doc. 4] and Motion to Strike [Doc. 5] via both U.S. Mail and email.

(2) The effective date of service for the aforementioned documents shall be the date on which Defendant's counsel completes service as ordered above, and all deadlines for Plaintiff to respond to these documents are RESET to run from that new date of service.

(3) Defendant's counsel is DIRECTED to comply with Local Rule 5.1(A)(3) and this Court's Standing Order for all future filings in this matter.

1

(4) Defendant's counsel shall file a Notice of Compliance with the Court after effectuating service as ordered herein.

**SO ORDERED** this ____ day of June, 2025.

_____
**J.P. BOULEE**
United States District Judge

Dear Clerk:

Please file the enclosed documents in Case No. 1:25-cv-02006-JPB (Sullivan v Maloof). Filed after hours on June 24, 2025.

Thank You,

Michael E. Sullivan Jr. Pro Se
msullivanjr@gmail.com 678-372-3000

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 24 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

▶▶▶ Pull here to open                                               Pull here to open ◀◀◀

▶▶▶ Pull here to open                                               Pull here to open ◀◀◀

**SimplySafe**™