**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**



MICHAEL E. SULLIVAN, JR.,

   Plaintiff,

   v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

   Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RECENT DEVELOPMENTS IN SUPPORT OF MOTION TO COMPEL SERVICE [DOC. 6]

COMES NOW Plaintiff, Michael E. Sullivan, Jr., proceeding *pro se*, files this Notice to inform the Court of significant developments that provide direct evidence supporting his "Motion to Compel Service" [Doc. 6]. In support, Plaintiff states:

1.    On June 24, 2025, Plaintiff filed his Motion to Compel, detailing Defendant's failure to properly serve his Answer [Doc. 4] and Motion to Strike [Doc. 5].

2.    On June 27, 2025, a mere three days later, Defendant served Plaintiff with a Rule 68 Offer of Judgment ("Offer"). A copy of the Offer and its certified mail envelope is attached as Exhibit A.

3.    The proper service of this Offer irrefutably proves that Defendant's counsel knows Plaintiff's correct address and is fully capable of complying with

the Federal and Local Rules of service when it is strategically advantageous for them to do so.

4. The timing of the Offer is also highly relevant. It was not served with the Answer, but was instead served immediately after Plaintiff filed his Motion to Compel. This sequence strongly suggests that the Offer is a tactical reaction intended to pressure Plaintiff into resolving the case before the Court has an opportunity to rule on Defendant's procedural misconduct.

5. This pattern of behavior—ignoring service rules for their initial responsive pleadings while strategically and properly serving an Offer of Judgment—further demonstrates the prejudice to Plaintiff and underscores the need for the Court to enforce its rules to ensure a level playing field.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated in his Motion to Compel [Doc. 6], and as further supported by the facts set forth herein, Plaintiff respectfully requests that his motion be granted.

Respectfully submitted this 1st day of July, 2025.

*/s/ Michael E. Sullivan, Jr.*

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## EXHIBIT LIST

**Exhibit A**  W. Michael Maloof Jr. d/b/a The Maloof Firm's Offer of Judgment, dated June 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RECENT DEVELOPMENTS IN SUPPORT OF MOTION TO COMPEL SERVICE [DOC. 6]** was served upon Defendant's counsel by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

> Bryan J. Henderson, Esq.
> William S. Cleveland, Esq.
> GUILMETTE PULVER LLC
> 1355 Peachtree St. NE, Suite 1125
> Atlanta, Georgia 30309-4902

This, the 1st day of July, 2025.

*/s/ Michael Sullivan*

**Michael E. Sullivan, Jr.**,
Plaintiff *pro se*
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## FONT AND POINT CERTIFICATION

The undersigned Plaintiff hereby certifies that the within and foregoing **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RECENT DEVELOPMENTS IN SUPPORT OF MOTION TO COMPEL SERVICE [DOC. 6]** was prepared using Century Schoolbook, 13-point font in accordance with LR 5.1(C).

# EXHIBIT A

W. Michael Maloof Jr. d/b/a The Maloof Firm's Offer of Judgment, dated June 27, 2025



Guilmette Pulver LLC
1355 Peachtree St NE
Suite 1125
Atlanta, GA 30309

CERTIFIED MAIL

9589 0710 5270 2170 7513 83

quadient
FIRST-CLASS MAIL
IMI
$009.92
06/27/2025 ZIP 30309
044K33213623
US POSTAGE

Michael E. Sullivan Jr.
3324 Peachtree Road NE
Unit 1405
Atlanta, Georgia 30326

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:25-CV-2006 |
| ) | |
| W. MICHAEL MALOOF JR. ) | |
| d/b/a THE MALOOF LAW FIRM, ) | |
| ) | |
| Defendant. ) | |

## W. MICHAEL MALOOF JR. d/b/a THE MALOOF FIRM'S OFFER OF JUDGMENT

Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Defendants W. MICHAEL MALOOF, JR. d/b/a THE MALOOF LAW FIRM ("Defendant"), by and through undersigned counsel, hereby offer to allow judgment to be entered against them in favor of Plaintiff MICHAEL E. SULLIVAN, JR.

This Offer of Judgment is made to resolve all claims arising from Plaintiff's alleged employment relationship with Defendants from approximately March 2022 through April 2024, including all allegations of unpaid wages, overtime violations, retaliation, and related state law claims asserted in the above-captioned action. Defendants make this offer without any admission of liability, fault, or wrongdoing, and solely for the purpose of avoiding the continued costs, risks, and uncertainties of protracted litigation. This offer represents Defendant's good faith assessment of

1

the total value of all claims asserted, including consideration of potential damages and liquidated damages that could be awarded under applicable federal and state statutes.

The terms of this Offer of Judgment are as follows:

**1. MONETARY RELIEF:** Defendant will pay Plaintiff the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) within thirty (30) days of acceptance of this offer and approval of the Court of settlement.

**2. FEES AND COSTS:** This offer is exclusive of accrued reasonable attorneys' fees, costs, and expenses which Plaintiff may be entitled, but which Defendants reserve the right to contest and challenge. In lieu of a contested attorneys' fees and cost petition, Defendant will stipulate to Plaintiff's actual costs for filing of the Complaint and service of the Summons and Complaint.

**3. COMPREHENSIVE SETTLEMENT:** This offer represents payment in full satisfaction of all claims, damages, and relief sought in this action, including but not limited to:

   a. All unpaid minimum wages claimed under the Fair Labor Standards Act;
   b. All unpaid overtime wages claimed under the Fair Labor Standards Act;
   c. All liquidated damages pursuant to 29 U.S.C. § 216(b);

2

d. All compensatory damages for alleged FLSA retaliation, including claims for emotional distress;

e. All damages for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and breach of fiduciary duty under state law;

f. All punitive damages, if applicable under O.C.G.A. § 51-12-5.1;

g. All pre-judgment and post-judgment interest;

h. All attorneys' fees and litigation costs pursuant to 29 U.S.C. § 216(b);

i. All expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11;

j. All equitable relief, including any declaratory or injunctive relief;

k. Any and all other relief requested in Plaintiff's Prayer for Relief.

**4. SCOPE OF SETTLEMENT:** This offer resolves all claims asserted or that could have been asserted in the above-captioned action, including but not limited to:

a. All claims under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.);

b. All state law claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and breach of fiduciary duty;

c. All claims for expenses of litigation under O.C.G.A. § 13-6-11;

d. All other claims arising from or related to Plaintiff's alleged work relationship with Defendant from March 2022 through April 2024.

**5. EFFECTIVE PERIOD:** This offer shall remain open for acceptance for fourteen (14) days after service upon the Plaintiff. If not accepted in writing within this time period, the offer shall be deemed withdrawn.

**6. COST SHIFTING NOTICE:** You are also hereby put on notice that if this offer is rejected, and a judgment is subsequently obtained that is equal to or more favorable to Defendant than this offer, Plaintiff will be required to pay Defendant's costs incurred after the offer was made pursuant to Rule 68 of the Federal Rules of Civil Procedure.

**7. ACCEPTANCE:** This offer may be accepted only by filing a written acceptance with the Court and serving a copy on undersigned counsel within the time period specified above.

This offer is unconditional and may be accepted by Plaintiff without any further action required by the Defendant or approval from any third party.

Dated this 27th day of June 2025.

Respectfully submitted,
GUILMETTE PULVER LLC
1355 Peachtree St. NE
Suite 1125
Atlanta, Georgia 30309

By:  /s/ Bryan Henderson
     Bryan Henderson, Esq.
     Georgia Bar No. 821624

4

William S. Cleveland
Georgia Bar No.
b.henderson@guilmettepulver.com
w.cleveland@guilmettepulver.com

*Counsel for Defendant W. Michael Maloof Jr.*

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via certified mail upon the following:

Michael E. Sullivan Jr.<br>
3324 Peachtree Road NE<br>
Unit 1405<br>
Atlanta, GA 30326

Respectfully submitted this 27th day of June, 2025.

**GUILMETTE PULVER LLC**
1355 Peachtree St. NE
Suite 1125
Atlanta, Georgia 30309

By: */s/ Bryan Henderson*
    Bryan Henderson, Esq.
    Georgia Bar No. 821624
    William S. Cleveland
    Georgia Bar No.
    b.henderson@guilmettepulver.com
    w.cleveland@guilmettepulver.com

*Counsel for Defendant W. Michael Maloof Jr.*