**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**JUL 29 2025**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MICHAEL E. SULLIVAN, JR.,

    Plaintiff,

       v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

    Defendant.

Civil Action No.:
**1:25-cv-02006-JPB**

## NOTICE OF FILING

Plaintiff Michael E. Sullivan, Jr., files the parties' Joint Preliminary Report and Discovery Plan ("JPRDP"), attached hereto as **Exhibit A**. Pursuant to Local Rule 16.2, this consolidated JPRDP was prepared jointly by the parties. While the parties have reached agreement on several procedural matters, the JPRDP reflects significant points of disagreement that must be resolved by the Court, including but not limited to:

    1.    Requests for Scheduling Conference (JPRDP § 9): Plaintiff submits that a settlement conference is premature, while Defendant requests an immediate referral to ADR and a stay of the case.

    2.    Discovery Period (JPRDP § 10): Plaintiff submits that the discovery period is open and running, while Defendant requests that the period be stayed or, alternatively, reset to commence only upon the Court's order.

    3.    Proposed Scheduling Order (JPRDP p. 18): Crucially, the final section of the JPRDP does not contain a joint proposal. Instead, it sets forth

1

the parties' separate and competing proposals for the Court's Scheduling Order, reflecting the fundamental disagreements outlined above.

Plaintiff respectfully requests that the Court enter a scheduling order that permits discovery to proceed without a stay, as detailed in Plaintiff's proposals within the attached JPRDP.

Respectfully submitted this 29th day of July, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF FILING** was served upon Defendant's counsel by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

Chadwick Lloyd Williams
Kabat Chapman & Ozmer LLP
171 17th Street NW, Ste 1550
Atlanta, GA 30363

This, the 29th day of July, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL E. SULLIVAN, JR.,

Plaintiff,

v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

<u>**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**</u>

1.   **Description of Case:**

(a)   Describe briefly the nature of this action.

**By Plaintiff:**

This is a civil action for damages brought by Plaintiff for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), including claims for unpaid minimum wage, overtime compensation, and retaliation. The action also includes supplemental state law claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and breach of fiduciary duty arising from Plaintiff's uncompensated work for Defendant. Plaintiff seeks to recover unpaid wages, liquidated damages, and his reasonable attorneys' fees and costs.

1

**By Defendant:**

> Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief against Defendant whatsoever.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**By Plaintiff:**

> Plaintiff worked for Defendant, his former attorney, as a non-exempt Legal Clerk from approximately March 2022 through April 2024. Plaintiff alleges that Defendant leveraged Plaintiff's restrictive pre-trial bond conditions to secure his labor. Plaintiff's primary duties included legal research, document preparation, and administrative tasks. Despite promising payment, including a salary offer of $14,500, Defendant willfully failed to pay Plaintiff any wages, including minimum wage and overtime compensation for all hours worked. After Plaintiff engaged in protected activity by complaining about the non-payment of wages, Defendant took adverse actions against him in violation of the FLSA.

**By Defendant:**

Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief against Defendant whatsoever.

(c)    The legal issues to be tried are as follows:

(1)    Whether an employer-employee relationship existed between Plaintiff and Defendant within the meaning of the FLSA.

(2)    If an employment relationship existed, whether Defendant was subject to the FLSA under enterprise or individual coverage.

(3)    Whether Defendant violated the FLSA's minimum wage provisions (29 U.S.C. § 206) by failing to pay Plaintiff for all hours worked.

(4)    Whether Defendant violated the FLSA's overtime provisions (29 U.S.C. § 207) by failing to pay Plaintiff one and one-half times his regular rate for hours worked over 40 in a workweek.

(5)    Whether Plaintiff was a non-exempt employee under the FLSA.

(6)    Whether Plaintiff engaged in protected activity under the FLSA's anti-retaliation provision (29 U.S.C. § 215(a)(3)).

(7)    Whether Defendant subjected Plaintiff to adverse employment actions, and if so, whether a causal connection exists between the protected activity and the adverse actions.

(8)    Whether Defendant's alleged violations of the FLSA were willful, thereby extending the statute of limitations to three years and entitling Plaintiff to liquidated damages.

(9)    Whether Plaintiff can establish his claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and breach of fiduciary duty under Georgia law.

(10)   Whether Defendant acted in bad faith or was stubbornly litigious, entitling Plaintiff to attorney's fees under O.C.G.A. § 13-6-11.

(11)  Whether Defendant's affirmative defenses, including but not limited to good faith, laches, estoppel, and unclean hands, bar or reduce Plaintiff's claims.

(12)  The nature and amount of damages, if any, to which Plaintiff is entitled, including unpaid wages, liquidated damages, compensatory damages, and attorney's fees and costs.

(d)  The cases listed below (include both style and action number) are:

(1)  Pending Related Cases:

None.

(2)  Previously Adjudicated Related Cases:

None.

**2.**  This case is complex because it possesses one or more of the features listed below (please check):

|  |  |  |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

> This case is not complex.

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

      **Plaintiff:**

> Plaintiff is self-represented and not an attorney of record.

      **Defendant:**

> Chadwick Lloyd Williams
> Kabat Chapman & Ozmer LLP
> 171 17th Street NW, Ste 1550
> Atlanta, GA 30363
> Phone: 404-400-7306
> Fax: 404-400-7333
> Email: cwilliams@kcozlaw.com

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

      \_\_\_\_\_    Yes    __X__    No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

| |
|---|
| None at this time. |

(b)    The following persons are improperly joined as parties:

| |
|---|
| None. |

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

| |
|---|
| None. |

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

| |
|---|
| Plaintiff anticipates filing a First Amended Complaint as a matter of course within the time permitted by Fed. R. Civ. P. 15(a)(1). |

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Time for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)    *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

> The parties have conferred and agree to serve their respective Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than fourteen (14) days after the filing of this Joint Preliminary Report and Discovery Plan.

**9.    Requests for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**By Plaintiff:**

Plaintiff respectfully submits that a conference on settlement or ADR would be premature at this time for the following reasons:

(1)    Valuation gap. Plaintiff's seeks $114,784 in his Complaint; Defendant's June 27, 2025 Rule 68 offer was $50,000.

(2)    No active, good-faith negotiations. No counter-offers or substantive discussions have occurred since the Rule 68 offer.

(3)    When Plaintiff again proposed ADR in April 2024 and offered to pay all costs, Defendant replied that binding arbitration "could go really south … would air out some dirty laundry … would require me to bring up stuff and you would respond that would look bad for us both."

(4)    ADR tied to delay tactics. Two hours before receiving the waiver-of-service packet on April 22, 2025, Defendant emailed, "Do you want to get a mediator or do some form of binding arbitration?" Three days later he repeated, "Do you want to bring in a mediator to try and settle the case. I acknowledge the service of your complaint." Defendant did not return the waiver and filed his Answer exactly sixty days after the waiver request was mailed.

Given this history, Plaintiff believes a court-ordered mediation now would reward delay and add unnecessary cost.

**By Defendant:**

Defendant believes that this matter would benefit greatly from court-ordered mediation.  Specifically, in June 2025, Defendant made Plaintiff a $50,000 offer of judgment through prior counsel, which Plaintiff filed on the docket.  (Doc. 9 at 6–11.)  While that offer has since expired, Defendant

remains ready, willing, and able to settle this case for a sum that, by his estimation, would more than reimburse Plaintiff for any allegedly unpaid wages and other damages. After Defendant substituted the undersigned counsel, Plaintiff and undersigned counsel discussed settlement at length via multiple teleconferences, but Plaintiff has so far refused to provide any counteroffer. Defendant believes that further discussions with the Court or a neutral mediator would facilitate communications and trust between the Parties and result in an early settlement that would save the Parties and the Court considerable time and resources.

Defendant disagrees with Plaintiff's reasons for considering ADR premature and addresses each in turn. *First*, the purported valuation gap is a reason for mediation, not a reason against it. Indeed, Defendant's last offer of $50,000 and Plaintiff's top-line number of $114,784 is relatively close for a case like this, and ripe for compromise. *Second*, Plaintiff claims that there are no "active, good-faith negotiations." Defendant disagrees, as undersigned counsel has spent considerable time on the phone with Plaintiff attempting to solicit a counteroffer from Plaintiff to no avail. Mediation will facilitate, not hinder, active, good faith negotiations. *Third and fourth*, Plaintiff points to certain mediation obstacles that predated undersigned counsel's retention. Defendant does not believe that these points have any

bearing on the purported "prematurity" of mediation, and Defendant is presently ready, willing, and able to settle this case for a reasonable sum. *Finally*, Defendant disagrees that court-ordered mediation would "reward delay" and add unnecessary cost. To the contrary, Defendant is hopeful that mediation will result in the prompt resolution of this case, thereby avoiding months of litigation and the unnecessary expense of the Parties' and the Court's resources.

Accordingly, Defendant requests that the Court submit this matter to Alternative Dispute Resolution pursuant to Local Rule 16.7, staying the case in the interim. Defendant alternatively requests that the Court set a conference with the Parties to discuss settlement and/or submitting this case to Alternative Dispute Resolution pursuant to Local Rule 16.7.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court as assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**By Plaintiff:**

> Discovery opened July 16, 2025 under LR 26.2A (automatic start 30 days after Defendant's Answer) and closes November 18 2025—a four-month period.

**By Defendant:**

> As discussed in Section 9, *supra*, Defendant requests that the Court submit this matter to Alternative Dispute Resolution pursuant to Local Rule 16.7, staying the case in the interim. Defendant alternatively requests that the Court set a conference with the Parties to discuss settlement and/or submitting this case to Alternative Dispute Resolution pursuant to Local Rule 16.7.
>
> If the Court does not schedule a conference or order ADR, this Case should be placed on a four-month discovery track, pursuant to Appendix F. However, due to the recent substitution of counsel (Doc. 17), Defendant requests that the discovery period commence on the day the Court issues its scheduling order.

Please state below the subjects on which discovery may be needed:

11

**By Plaintiff:**

> Discovery will be needed regarding all aspects of Plaintiff's claims and Defendant's defenses: (1) the nature and extent of the employment relationship between the parties; (2) Plaintiff's work activities, schedules, and total hours worked during the relevant period; (3) Defendant's business operations, revenue, and FLSA coverage determinations; (4) all communications, agreements, and understandings concerning compensation, employment terms, and working conditions; (5) documentation of all work performed by Plaintiff and any compensation paid or promised; (6) evidence supporting Plaintiff's state law claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and breach of fiduciary duty; and (7) facts supporting all affirmative defenses asserted by Defendant.

**By Defendant:**

> Defendant hereby reserves his right to object to discovery on the above-listed topics as appropriate.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court,

and what other limitations should be imposed.

> None.

    (b)    Is any party seeking discovery of electronically stored information?

  **X**    Yes    _____    No

If "yes"

    (1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

> The parties have discussed the production of ESI, which may consist of employment data, wages, hours worked, and payroll records for Plaintiff, as well as emails from Defendant regarding pay policies, employee communications, and work assignments.

    (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> The parties agree to produce ESI in reasonably usable formats. Standard documents shall be produced as searchable PDFs. Data from spreadsheets or databases (*e.g.*, payroll records) shall be produced in their native format (e.g., .XLSX, .CSV).

To preserve metadata, upon reasonable request, emails shall be produced in a standard export format from the source platform (such as a .PST file for Outlook or a .MBOX file from Google Takeout) that maintains the integrity of the original communication and its associated data. The parties will produce ESI via secure file transfer, encrypted disk, or other mutually agreeable electronic method.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereto.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**By Plaintiff:**

None.

**By Defendant:**

As discussed in Section 9, *supra*, Defendant requests that the Court submit this matter to Alternative Dispute Resolution pursuant to Local Rule 16.7, staying the case in the interim. Defendant alternatively requests that the Court set a conference with the Parties to discuss settlement and/or

submitting this case to Alternative Dispute Resolution pursuant to Local Rule 16.7.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference **July 17, 2025** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead Counsel (signature)
Michael E. Sullivan, Jr.

Other participants:    None

For Defendant:  Lead counsel (signature)    */s/ Chadwick L. Williams*
Chadwick Lloyd Williams

Other participants:    None

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

**By Plaintiff:**

| | |
|---|---|
| (_____) | A possibility of settlement before discovery. |
| (__X__) | A possibility of settlement after discovery. |
| (_____) | A possibility of settlement, but a conference with the judge is needed. |
| (_____) | No possibility of settlement. |

**By Defendant:**

| | |
|---|---|
| (__X__) | A possibility of settlement before discovery. |
| (__X__) | A possibility of settlement after discovery. |
| (__X__) | A possibility of settlement, but a conference with the judge is needed. |

15

| |
|---|
| (_____)    No possibility of settlement. |

(c)    Counsel (**X**) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not been scheduled.

(d)    The following specific problems have created a hindrance to settlement of this case:

**By Plaintiff:**

| |
|---|
| Discovery is needed for the parties to fully assess the value of Plaintiff's claims and the scope of Defendant's liability. |

**By Defendant:**

| |
|---|
| Defendant incorporates his response in Section 9, *supra*, as if fully set forth herein. |

## 14.    Trial by Magistrate Judge:

Note: Trial by a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of this Court this _____ day, of 20__.

(b)    The parties (**X**) do not consent to having this case tried before a magistrate judge of this court.

16

Respectfully submitted this 29th day of July, 2025.

Prepared by:                                          Consented to and joined by:

_Michael E. Sullivan, Jr._                            _/s/ Chadwick L. Williams_

Michael E. Sullivan, Jr.                             Chadwick Lloyd Williams
3324 Peachtree Road NE, Unit 1405                    Kabat Chapman & Ozmer LLP
Atlanta, GA 30326                                    171 17th Street NW, Ste 1550
(678) 372-3000                                       Atlanta, GA 30363
msullivanjr@gmail.com                                404-400-7306
                                                     Fax: 404-400-7333
                                                     Email: cwilliams@kcozlaw.com


Plaintiff _pro se_                                   _Attorney for Defendant_

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**By Plaintiff:**

(1)   Discovery: All discovery shall be completed by November 18, 2025.

(2)   Amendments: The deadline for filing motions to amend the pleadings or to add parties is August 29, 2025.

(3)   Dispositive Motions: All dispositive motions shall be filed no later than December 18, 2025.

**By Defendant:**

Defendant requests that the Court submit this matter to Alternative Dispute Resolution pursuant to Local Rule 16.7, staying the case in the interim.  Defendant alternatively requests that the Court set a conference with the Parties to discuss settlement and/or submitting this case to Alternative Dispute Resolution pursuant to Local Rule 16.7.

IT IS SO ORDERED, this ____ day of _____, 2025.

18

## CERTIFICATE OF SERVICE

I        hereby        certify        that        I        filed        the        parties'

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the

Clerk of Court by personal delivery and a true and correct copy of the foregoing

was served upon Defendant's counsel by depositing the same in the United

States Mail, first class postage prepaid, addressed as follows:

Chadwick Lloyd Williams
Kabat Chapman & Ozmer LLP
171 17th Street NW, Ste 1550
Atlanta, GA 30363

This, the 29th day of July, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com