UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> W. MICHAEL MALOOF, JR., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:25-CV-02006-JPB |

### ORDER

This matter is before the Court on Michael E. Sullivan, Jr.'s ("Plaintiff") Amended Motion for Costs of Service [Doc. 18]. This Court finds as follows:

### BACKGROUND

Plaintiff, proceeding *pro se*, filed this case on April 11, 2025, bringing claims under the Fair Labor Standards Act against his former employer W. Michael Maloof, Jr. ("Defendant"). [Doc. 1]. On April 17, Plaintiff mailed a complete waiver packet to Defendant at his business address, which included the following: (1) a Notice of Lawsuit and Request to Waive Service of Summons; (2) a copy of the Complaint; (3) two copies of the Waiver of Service form; and (4) a pre-paid return envelope. [Doc. 18, p. 7]. On April 22, the parties communicated

about a possible resolution of the case.  Id.  Defendant acknowledged receipt of the waiver packet on April 25.  Id. at 8.  Defendant consulted counsel but did not waive service within the thirty days provided for him to do so.  Id.

As such, on May 28, Plaintiff paid ABC Legal Services ("ABC") $85.00 to serve process on Defendant.  Id. at 9.  On May 30, an ABC process server attempted to serve Defendant at his place of work but only managed to speak with "an individual who identified themselves as Jane Doe."  Id.  After the failed attempt, Plaintiff paid $52.35 to the DeKalb County Sheriff's Office to help serve Defendant.  Id.

Two days later, ABC tried to serve Defendant at his workplace again but was intercepted by another staff member who said that Defendant was "employed but not available at this time."  Id.  On June 16, Defendant filed an Answer in this case, and the DeKalb County Sheriff's Office successfully served Defendant the next day.  Id.  ABC separately served Defendant on June 19.  Id.  Plaintiff contends that Defendant's sudden willingness to accept service indicates bad faith.  Id. at 9–10.  Plaintiff further argues that Defendant acted in bad faith by failing to properly serve its filings on Plaintiff by mail as required under the Local Rules.  Id. at 17.

In light of the above, Plaintiff filed the instant motion, seeking to recover service-related expenses and other relief the Court may find appropriate.  Id. at 20.

Plaintiff also submitted an affidavit supporting the statements in his motion. [Doc. 10]. Defendant did not file a response to Plaintiff's motion, so the motion is deemed unopposed under the Local Rules. LR 7.1(B), NDGa. The motion is now ripe for review.

## LEGAL STANDARD

Rule 4(d)(l) of the Federal Rules of Civil Procedure imposes a duty on defendants "to avoid unnecessary expenses of serving the summons" and allows plaintiffs to notify "a defendant that an action has been commenced and request that the defendant waive service of a summons." When a defendant "fails, without good cause," to waive service, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Ultimately, "while a defendant should be given the opportunity to show good cause for failure to waive service, 'sufficient cause should be rare.'" Neal v. Cochran, Cherry, Givens & Smith, P.C., 589 F. Supp. 2d 1363, 1364 (N.D. Ga. 2008) (quoting Fed. R. Civ. P. 4 Advisory Committee Notes, 1993 Amendments).

## DISCUSSION

Upon review of Plaintiff's motion and the supporting declaration, the Court finds that Defendant has not shown good cause for his failure to waive service. In fact, by not responding to the motion, Defendant has failed to show any cause, good or bad, for declining to waive service. See Martin v. Am. Traveler Staffing Pros., LLC, No. 08-80461-CIV, 2008 WL 11381806, at *4 (S.D. Fla. Sept. 16, 2008) ("[B]ecause the plaintiff failed to file a reply, the plaintiff failed to show any cause, good or bad, for its failure to respond to discovery requests in a timely manner." (citation omitted)). As such, Defendant has breached his "duty to avoid unnecessary expenses of serving the summons," and it is appropriate to award Plaintiff $137.35 for service-related expenses. Fed. R. Civ. P. 4(d). Accordingly, to the extent Plaintiff's motion requests reimbursement of his payments to process servers, the motion is **GRANTED.**

As to further relief, Plaintiff cites a variety of cases in which parties have been granted attorney's fees. E.g., Nelson v. PJ Cheese, Inc., No. 20-CV-242, 2023 WL 4535860, at *2 (N.D. Ga. July 12, 2023) (awarding attorney fees to a prevailing plaintiff for post-judgment collection efforts); Dolphin Cove Inn, Inc. v. Vessel Olympic Javelin, No. 19-CV-1018, 2020 WL 8461570, at *12 (M.D. Fla. Dec. 22, 2020) (awarding fees for bad faith where the defendant refused to appear

after being served and hid the asset at issue in an *in rem* proceeding), R. & R. adopted, 2021 WL 118871 (M.D. Fla. Jan. 13, 2021).  But those cases are inapplicable here because Plaintiff is proceeding *pro se*, and attorney's fees are not available under Rule 4(d)(2) for *pro se* parties.  Prousalis v. Jamgochian, 38 F. App'x 903, 905 (4th Cir. 2002) ("We find attorney's fees are not available under Rule 4(d)(2) or (5) to an attorney proceeding pro se."); see also United States v. Evans, 561 F. App'x 877, 880 (11th Cir. 2014) (noting that the Eleventh Circuit Court of Appeals has held in multiple contexts that "*pro se* litigants are entitled to an award of attorney fees only to the extent that the 'services of an attorney were utilized and fees incurred.'").  Therefore, Plaintiff's request for further relief is **DENIED**.

## CONCLUSION

For the reasons stated above, Plaintiff's Amended Motion for Costs of Service [Doc. 18] is **GRANTED** in part.  Specifically, the motion is **GRANTED** insofar as it requests reimbursement of payments to process servers.  To the extent the motion seeks other relief, it is **DENIED**.  Plaintiff's original Motion for Costs of Service [Doc. 11] and Motion for Entry of Order on Amended Motion for Costs of Service [Doc. 26] are **DENIED** as moot.

**SO ORDERED** this 3rd day of September, 2025.

_____
**J. P. BOULEE**
United States District Judge