FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 28 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., <br> Plaintiff, <br> v. <br> W. MICHAEL MALOOF, JR., <br> d/b/a THE MALOOF LAW FIRM, <br> Defendant. | Civil Action No.: <br> **1:25-cv-02006-JPB** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>FIRST AMENDED COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Michael E. Sullivan, Jr., proceeding *pro se*, respectfully moves this Court for leave to file the attached First Amended Complaint for Damages ("First Amended Complaint"). In support thereof, Plaintiff shows the Court as follows:

<u>INTRODUCTION</u>

To facilitate the productive, merits-focused mediation scheduled for October 30, 2025 [Doc. 24], Plaintiff seeks leave under Rule 15(a)(2) to file a First Amended Complaint that: (1) clarifies factual allegations; (2) streamlines the causes of action; (3) addresses the issues raised in Defendant's pending Motion to Strike [Doc. 5]; and (4) supplies the exhibits that Defendant claimed were "not contained" in the original Complaint—an omission on which Defendant relied to refuse to admit or deny roughly 36% (60 of 167) of the paragraphs in his Answer [Doc. 4].

The amendment will sharpen the issues for the parties and the mediator, promote judicial economy, and advance resolution on the merits. This is precisely what Rule 15's "freely given" standard is designed to facilitate, especially with mediation imminent.

## PROCEDURAL HISTORY

Defendant filed an Answer on June 16, 2025 [Doc. 4]—one day before personal service was perfected [Doc. 7]—and a Motion to Strike the next day [Doc. 5]. A Joint Preliminary Report and Discovery Plan ("JPRDP") was filed on July 29, 2025 [Doc. 20]. On July 31, 2025, the Court entered a Scheduling Order staying discovery pending mediation [Doc. 22] and referred the case to mediation [Doc. 23]. In a later order, the Court set mediation for October 30, 2025 [Doc. 24].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires," and leave should be denied only for a substantial reason such as undue delay, bad faith, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing undue delay, bad faith, undue prejudice, and futility as grounds for denial).

## ARGUMENT

### I. The Motion Is Timely

Local Rule Appendix B, Form II § 6(b) provides: "Amendments to the pleadings submitted later than thirty (30) days after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." Here, the Joint Preliminary Report and Discovery Plan ("JPRDP") was filed on July 29, 2025 [Doc. 20]. Thirty days later was August 28, 2025, the exact date this Motion was filed. Accordingly, the Motion is timely under the Local Rule.

Alternatively, even if the "should have been filed" prong were deemed controlling, leave should still be granted. On July 31, 2025, the Court stayed discovery [Doc. 22] and referred the case to mediation [Doc. 23]. In a later order, the Magistrate Judge set mediation for October 30, 2025 [Doc. 24]. The amendment adds no new parties or claims, streamlines the pleadings, and addresses the issues raised in Defendant's pending Motion to Strike [Doc. 5]. Defendant himself asked to respond "14 days after" the October 30 mediation, underscoring the absence of prejudice. These circumstances establish good cause under Rule 16(b)(4) and fully support leave under Rule 15(a)(2).

### II. The Motion Is Not Filed for Any Improper Purpose

Plaintiff files this motion promptly after the Court scheduled the October 30 mediation [Doc. 24] to promote an efficient, merits-focused ADR session and

ensure the mediator has a complete, clarified record. Moreover, the contemplated amendment was identified in the Joint Preliminary Report and Discovery Plan [Doc. 20], giving Defendant advance notice and further eliminating any claim of surprise or prejudice.

### III. The Amendment Will Not Prejudice Defendant

Prejudice typically arises when amendment follows the close of discovery or requires the opponent to redo completed work. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Discovery is stayed by order [Doc. 22]. The amendment adds no new parties and does not materially expand the case; it clarifies factual allegations and streamlines existing claims arising from the same conduct, which relate back under Rule 15(c)(1)(B). No duplication of effort is required. Indeed, the only condition defense counsel placed on consent was a deadline to respond to the amended pleading "14 days after" the October 30 mediation. That proposed post-mediation response deadline conflicts with the District's ADR goals of 'savings in time and costs' (LR 16.7(A)) and underscores the absence of any cognizable prejudice. Defendant's request for a post-mediation response date confirms that his objection is strategic delay, not prejudice.

### IV. The Amendment Is Not Futile

Amendment is futile only if "the complaint, as amended, would still be subject to dismissal." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

4

The proposed complaint is not futile because it directly cures the alleged defects raised in Defendant's pending Motion to Strike [Doc. 5]. The amendment clarifies the factual bases for each claim and addresses Defendant's evidentiary objections by pleading the challenged communications for permissible purposes expressly allowed by Federal Rule of Evidence 408(b). Because the amendment resolves the central issue raised in the Motion to Strike, it would readily survive a renewed motion to dismiss on those grounds and is therefore not futile.

### CONFERENCE OF COUNSEL CERTIFICATION

Pursuant to Local Rule 7.1, Plaintiff certifies that he conferred with Defendant's counsel, Chadwick L. Williams, via email on August 12 and 13, 2025, in a good-faith effort to secure consent for this motion. Plaintiff offered to stipulate to extending Defendant's response deadline to thirty (30) days from the date the amended complaint is filed, in exchange for consent.

On August 13, 2025, Mr. Williams countered that Defendant would consent only if Plaintiff agreed to extend the response deadline until "14 days after the conclusion of mediation." With mediation set for October 30, 2025 [Doc. 24], this would delay Defendant's responsive pleading until 14 days after the October 30 mediation. Because Plaintiff could not agree to such an unreasonable delay — which would defeat the very purpose of ensuring a clarified record for mediation — this motion became necessary.

## CONCLUSION

Applying *Foman*, none of the recognized grounds for denial is present: the motion is timely, filed in good faith, not prejudicial, and not futile. Granting leave will conserve judicial resources, sharpen the issues for mediation, and advance efficient resolution on the merits. The Court should grant the motion to ensure the upcoming mediation is as productive as possible.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(1) Grant Plaintiff leave to file the First Amended Complaint in the form attached as Exhibit A;

(2) Direct the Clerk to docket the First Amended Complaint as a separate entry; and

(3) To the extent any default deadline in Appendix B, Form II § 6(b) is deemed to have expired, permit filing of the First Amended Complaint upon the good cause and Rule 15(a)(2) showings made herein;

## ATTACHMENTS

1. **[PROPOSED] ORDER**
2. **Exhibit A:** First Amended Complaint

Respectfully submitted this 28th day of August, 2025.

*/s/ Michael Sullivan/*

**Michael E. Sullivan, Jr.**,
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326

(678) 372-3000
msullivanjr@gmail.com

## FONT AND POINT CERTIFICATION

The undersigned Plaintiff hereby certifies that the within and foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was prepared using Century Schoolbook, 13-point font in accordance with LR 5.1(C).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was served upon Defendant's counsel by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

Chadwick L. Williams, Esq.
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363

This, the 28th day of August, 2025.

*/s/ Michael E. Sullivan, Jr.*

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., <br> Plaintiff, <br> v. <br> W. MICHAEL MALOOF, JR., <br> d/b/a THE MALOOF LAW FIRM, <br> Defendant. | Civil Action No.: <br> 1:25-cv-02006-JPB |

### [PROPOSED] ORDER

Before the Court is **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**. For good cause shown, Plaintiff's Motion is GRANTED.

The Clerk is DIRECTED to docket the First Amended Complaint (attached as Exhibit A to the motion) as a separate entry.

Pursuant to Rule 15(a)(3), Defendant shall answer or otherwise respond within 14 days after service of the amended pleading.

**SO ORDERED** this ____ day of _____, 2025.

_____
**J.P. BOULEE**
United States District Judge

# Exhibit A

First Amended Complaint