UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 29 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., <br> Plaintiff, <br> v. <br> W. MICHAEL MALOOF, JR., <br> d/b/a THE MALOOF LAW FIRM, <br> Defendant. | Civil Action No.: <br> **1:25-cv-02006-JPB** |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Michael E. Sullivan, Jr., proceeding *pro se*, respectfully submits this Reply to Defendant's Opposition [Doc. 30] to his Motion for Leave to File a First Amended Complaint [Doc. 29].[1]

**INTRODUCTION**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely give[n] when justice so requires." Justice so requires here because Defendant applies the wrong standard and reverses his prior position. In his Answer, Defendant repeatedly refused to respond to allegations on the ground that referenced exhibits were not attached; now that Plaintiff has attached

---

[1] Defendant miscalculates the deadline by overlooking Federal Rule of Civil Procedure 6(d)'s mandatory three-day extension. [Doc. 30 at 5 n.3]. Because Plaintiff is pro se, service of the opposition was required by both electronic and U.S. mail. *See* LR 5.1(A)(3); Judge Boulee's Standing Order; Fed. R. Civ. P. 5(b)(2)(C), (E). Service by mail adds three days to the 14-day reply period under Local Rule 7.1(C). Fed. R. Civ. P. 6(d). Accounting for the weekend pursuant to Rule 6(a)(1)(C), the reply was due Monday, September 29, 2025.

1

them in the proposed First Amended Complaint, Defendant argues it is too burdensome to respond. *See* [Doc. 4] (Answer reflecting "exhibit not contained" denials); [Doc. 30] (Opposition arguing response costs before mediation). This motion is timely under the Court's rules, cures the pleading impasse Defendant created, and will facilitate the merits-focused mediation the Court has ordered. Rule 15(a)(2)'s liberal standard therefore controls, and the Court should grant leave.

## FACTUAL BACKGROUND

Plaintiff initiated this action on April 11, 2025. [Doc. 1]. After failing to waive service, Defendant filed his Answer on June 16, 2025—the 60th day after Plaintiff's waiver request was sent—and repeatedly denied allegations by citing exhibits he claimed were not attached to the Complaint. [Doc. 4 at 4–5, ¶¶ 22–24; Doc. 18 at 2]. On September 3, 2025, the Court found that "Defendant has not shown good cause for his failure to waive service" and, because he did not respond, "failed to show any cause, good or bad, for declining to waive service," and it awarded Plaintiff $137.35 in process-server costs. [Doc. 28 at 4–5].

On July 29, 2025, the parties filed a Joint Preliminary Report and Discovery Plan ("JPRDP"), in which they agreed to serve Initial Disclosures within 14 days. [Doc. 20 at 11]. On July 31, 2025, the Court issued a Scheduling Order staying the discovery period pending mediation, which was later set for

October 30, 2025. [Doc. 22 at 1; Doc. 24]. Citing the parties' agreement in the JPRDP, Plaintiff served his Initial Disclosures on August 12, 2025. [Doc. 27].

On August 12 and 13, 2025, the parties conferred regarding the proposed amendment. [Doc. 30 at 3; Doc. 30-1 at 2–4]. Defendant stated he would consent only if his deadline to answer or otherwise respond were deferred "until 14 days after the conclusion of the mediation (if such mediation is unsuccessful)." [Doc. 30-1 at 2]. Plaintiff filed the instant Motion for Leave on August 28, 2025, attaching a proposed First Amended Complaint ("FAC") with 54 exhibits. [Doc. 29]. Defendant filed an opposition on September 11, 2025, objecting only to the timing and expense of responding before mediation. [Doc. 30 at 4–5].

## **LEGAL STANDARD**

When a motion for leave to amend is filed after the deadline in a scheduling order, courts in the Eleventh Circuit apply a two-step analysis. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). First, the party must show "good cause" to modify the schedule under Federal Rule of Civil Procedure 16(b)(4). *Id.* at 1418. The good cause standard focuses on the movant's diligence. *Id.* Only if the movant establishes good cause does the court proceed to the second step and analyze whether amendment is proper under the more liberal standard of Rule 15(a)(2). *Id.* at 1419. If, however, no

scheduling order deadline governs, the motion is assessed directly under Rule 15(a)(2).

Rule 15(a)(2) directs that a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard reflects a policy of liberally permitting amendments to facilitate the determination of claims on their merits. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). A district court's discretion to deny leave is limited, and leave should be denied only for a substantial reason. *Id.* Such reasons, outlined by the Supreme Court in *Foman v. Davis*, include undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment. 371 U.S. 178, 182 (1962); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile if the complaint, as amended, would still be subject to dismissal under Rule 12(b)(6). *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003).

Because the Court's Scheduling Order [Doc. 22] does not set a deadline for amended pleadings, Rule 15(a)(2)'s liberal standard governs this motion.

## ARGUMENT

I.  **The Court Should Grant Leave to Amend Under Rule 15(a)(2)'s Liberal Standard**

   A.  *<u>The Motion is Timely Under the Applicable Local Rule</u>*

Plaintiff's motion is timely. This District's Appendix B, Form II (JPRDP) expressly provides: "Amendments to the pleadings submitted later than thirty

(30) days after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." N.D. Ga. App. B, Form II § 6(b). The JPRDP was filed on July 29, 2025 [Doc. 20], and Plaintiff filed this Motion thirty days later on August 28, 2025 [Doc. 29]. Defendant's footnote claim that Plaintiff "conceded" lateness misreads Plaintiff's alternative good cause argument addressing the "should have been filed" clause. [Doc. 30 at 4 n.2]. The filing is timely under the "filed" clause, and Rule 15(a)(2) governs.

### B. *Defendant Fails to Show Undue Prejudice or Any Other Basis for Denial.*

Defendant fails to establish undue prejudice under Rule 15. Prejudice requires more than the ordinary cost of filing a responsive pleading; it typically arises when an amendment would "prevent the opposing party from receiving a fair trial," such as by forcing the reopening of discovery or rendering prior work product unusable. See, e.g., Sosa, 133 F.3d at 1418.

None of those circumstances exists here because the Court stayed discovery. [Doc. 22 at 1]. Defendant's "prejudice" showing is limited to the ordinary expense of reviewing exhibits and preparing a responsive pleading before mediation—costs that do not constitute legal prejudice under Rule 15. See [Doc. 30 at 4–5] (estimating "thousands of dollars" to answer). And any incremental burden is self inflicted given Defendant's prior refusal to answer

because exhibits were "not contained" in the Complaint. See [Doc. 4]. The Rule 15 factors therefore weigh in favor of leave.

No other factor identified in Foman v. Davis, 371 U.S. 178 (1962), supports denial. Defendant does not argue that the motion is brought in bad faith or that the amendment is futile [Doc. 30]. The absence of these arguments is a tacit concession that they do not apply.

The amendment is plainly not futile. Futility exists only where "the complaint, as amended, would still be subject to dismissal." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). As explained in Plaintiff's original motion, the FAC is designed to survive dismissal by, among other things, curing the evidentiary issues targeted by Defendant's Motion to Strike [Doc. 29 at 5]. Because Defendant does not contest futility and the FAC strengthens the pleading, this factor weighs in favor of granting leave.

II.  **Alternatively, Plaintiff Satisfies the Stricter "Good Cause" Standard of Rule 16(b)(4).**

   A.  *The "Good Cause" Standard Is Inapplicable Because No Scheduling Order Deadline Governs.*

Defendant incorrectly invokes Rule 16(b)(4)'s "good cause" standard. The Court's Scheduling Order sets no deadline for amended pleadings and expressly provides that "the time limits for ... amending the pleadings ... are as set out in the Federal Rules of Civil Procedure and the Local Rules," except as modified—and no modification applies here. [Doc. 22 at 1]. Where no court-

6

ordered amendment deadline exists, Rule 15(a)(2)'s liberal standard governs. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 & n.2 (11th Cir. 1998).

### B. *Plaintiff's Diligence in Preparing for Mediation Establishes Good Cause.*

Even if the more stringent "good cause" standard of Rule 16(b)(4) applied, Plaintiff has satisfied it. Good cause exists when a scheduling deadline cannot be met despite the party's diligence. *Sosa*, 133 F.3d at 1418. Here, Plaintiff demonstrated diligence tied directly to the Court-ordered mediation schedule.

After the Court referred the case to mediation on July 31, 2025 [Doc. 23], Plaintiff acted promptly to prepare the pleadings for a productive settlement conference. He conferred with Defendant about the proposed amendment on August 12–13 and filed the motion on August 28 [Doc. 29 at 5]. The motion's stated purpose is to "sharpen the issues for the parties and the mediator" and "facilitate the productive, merits-focused mediation." [Id. at 2]. This timeline reflects diligence in preparing the case for the Court's mandated settlement process. Because discovery is stayed [Doc. 22], granting leave has no impact on the discovery schedule, and the stay did not suspend pleading obligations. Plaintiff acted diligently in conferring on August 12–13 and filing on August 28, in direct response to the Court ordered mediation timeline. These facts independently establish good cause even if Rule 16(b) applied.

### III. Granting Leave Cures a Self-Inflicted Burden and Is Necessary to Prevent Defendant from Sabotaging the Court-Ordered Mediation

Defendant's opposition misuses this Court's order compelling mediation—a "gift of efficiency" intended to facilitate a merits-focused settlement discussion—as a "shield for evasion." [Docs. 22, 23]. Defendant's claim that answering a clarified complaint is "counterproductive to settling this case" is a pretext. [Doc. 30 at 2]. His true goal is to preserve a pleading impasse of his own invention, obstruct a meaningful exchange of information, and enter mediation with the merits deliberately obscured. This bad faith is proven by the stark contrast in the parties' conduct since the Court ordered mediation:

#### A. *Plaintiff Has Diligently Prepared for a Merits-Focused Mediation.*

In line with the Court's directive, Plaintiff has taken every step to prepare the case for a productive, informed settlement conference. First, he filed the instant Motion to cure the exact pleading defects Defendant manufactured. [Doc. 29]. In his Answer, Defendant repeatedly refused to respond to allegations because exhibits were "not contained." [Doc. 4]. Now that Plaintiff has attached them, Defendant reverses course and claims it is too burdensome to review them. The burden is entirely self-inflicted. Second, Plaintiff honored the parties' explicit, written agreement in the JPRDP to

8

"serve their respective Initial Disclosures... no later than fourteen (14) days after the filing of this Joint Preliminary Report." [Doc. 20 at 11]. Plaintiff served his disclosures on August 12, 2025, to ensure both sides had the core facts and damage calculations necessary for a meaningful mediation. [Doc. 27].

### B.  *Defendant Has Actively Obstructed the Mediation Process.*

Defendant, meanwhile, has taken affirmative steps to sabotage the upcoming mediation. First, he seeks to keep the operative pleading vague and non-responsive, asking the Court to delay his answer until after the mediation fails. [Doc. 30 at 2]. Second, and more egregiously, Defendant has violated the parties' JPRDP agreement and this Court's rules by failing to serve his own Initial Disclosures. He insists on mediating with a tactical advantage, armed with Plaintiff's disclosures while withholding his own. This conduct demonstrates a clear intent to frustrate, not facilitate, a merits-focused negotiation.

Granting leave is a necessary case management step to enforce the integrity of the Court-ordered process. It will move this case past Defendant's procedural gamesmanship and ensure the parties and the mediator have a clear, operative complaint to work from, as the Court intended.

### IV. Defendant's Reliance on St. Claire v. Ditech Is Misplaced

Defendant's reliance on *St. Claire v. Ditech Financial LLC*, No. 1:17-cv-3370-AT (N.D. Ga.), is misplaced. The procedural posture in that case is

fundamentally different. There, the court did not merely stay discovery; it ordered that "All deadlines in this action are STAYED and the case is ADMINISTRATIVELY CLOSED pending the outcome of the mediation." *St. Claire*, ECF 32 at 2 (Sept. 21, 2018). The court later exercised its discretion under that complete closure to allow the defendant to file its response to a motion to amend 14 days after mediation failed. Id., ECF 37 at 1 (Oct. 23, 2018).

Here, by contrast, the Court's July 31, 2025 Scheduling Order is narrowly tailored, stating only that "the discovery period is STAYED pending the parties' participation in mediation." [Doc. 22 at 1]. The case is not administratively closed, and all other deadlines remain in effect. Pleading deadlines, which are distinct from discovery timelines, continue to be governed by the Federal and Local Rules. Defendant's request to defer his responsive pleading until after mediation [Doc. 30 at 2] improperly conflates this limited discovery stay with the comprehensive administrative closure in St. Claire. That case provides no authority for suspending a party's obligation to answer an operative complaint in an otherwise active case. Nothing in the Scheduling Order suspends Rule 12 or Rule 15 timelines.

## CONCLUSION

Defendant's opposition identifies no substantial reason to deny leave under Rule 15(a)(2). Granting leave will cure the exhibit-based pleading

impasse, conserve judicial resources by mooting a pending motion, and equip the parties and the mediator with a clear, complete operative pleading for the Court-ordered mediation. The Court should also reject Defendant's alternative request to defer his response obligation until after mediation.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

(1)   Grant his Motion for Leave [Doc. 29];

(2)   Direct the Clerk to docket the First Amended Complaint;

(3)   Deny Defendant's request to defer his response obligation until after mediation; and

(4)   Order Defendant to answer or otherwise respond within the time prescribed by Rule 15(a)(3).

Respectfully submitted this 29th day of September, 2025.

*/s/ Michael E. Sullivan, Jr.*
**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## FONT AND POINT CERTIFICATION

The undersigned Plaintiff hereby certifies that the within and foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was prepared using Century Schoolbook, 13-point font in accordance with LR 5.1(C).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was served upon Defendant's counsel by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

> Chadwick L. Williams, Esq.
> Kabat Chapman & Ozmer LLP
> 171 17th Street NW, Suite 1550
> Atlanta, Georgia 30363

This, the 29th day of September, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com