UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> W. MICHAEL MALOOF, JR., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:25-CV-02006-JPB |

# **ORDER**

This matter comes before the Court on Michael E. Sullivan, Jr.'s ("Plaintiff") Motion to Compel Service, [Doc. 6], and Motion for Leave to Amend, [Doc. 29], and W. Michael Maloof, Jr.'s ("Defendant") Motion to Strike, [Doc. 5]. This Court finds as follows:

## **BACKGROUND**

Plaintiff, proceeding *pro se*, brought this action against Defendant on April 11, 2025. [Doc. 1]. He brought claims under the Fair Labor Standards Act and under state law. Id. at 27–44. Defendant filed an answer on June 16, 2025. [Doc. 4]. The next day, Defendant filed a Motion to Strike, arguing that certain paragraphs of the complaint contained information that was both confidential and violative of Federal Rule of Evidence 408. [Doc. 5]. Plaintiff filed a response in

which he asked the Court to reject Defendant's Motion to Strike because Defendant did not properly serve it on Plaintiff. [Doc. 8]. Plaintiff also filed a separate motion seeking to compel service of the Answer and the Motion to Strike, claiming that Defendant had not properly served either filing on Plaintiff. [Doc. 6].

Defendant acknowledged that it had not properly served Plaintiff initially and subsequently served Plaintiff via first-class mail. [Doc. 12]. After being properly served, Plaintiff filed an additional response to the merits of the Motion to Strike. [Doc. 19].

Thereafter, the parties filed a Joint Preliminary Report and Discovery Plan. [Doc. 20]. This Court then entered a scheduling in which it stayed the case pending mediation. [Doc. 22]. A mediation conference was held on October 30, 2025, but the parties did not reach a resolution. [Doc. 32]; [Doc. 34]. Thus, the stay has been lifted and discovery in this case is now open. [Docket Entry dated November 13, 2025]. The previously filed motions are ripe for review.

## ANALYSIS

### A.  Motion to Compel Service

Plaintiff seeks to compel proper service of the Answer and the Motion to Strike. Because Plaintiff is *pro se*, he is not part of the Court's electronic filing

system.  See Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J. P. Boulee at 6.  Defendant has acknowledged that he mistakenly thought his filings would be served on Plaintiff via that system.  [Doc. 12].  Once Plaintiff filed the Motion to Compel, however, Defendant rectified his mistake and served the filings on Plaintiff via first class mail.  Id.  Defendant stated that he would do the same for all future filings.  Id.

Because Plaintiff's motion sought to compel proper service of filings that were thereafter properly served, the motion is now moot.  The motion is therefore **DENIED**.

**B.      Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint when amending as a matter of course is not available may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1366 (11th Cir. 2007) (quoting Fed. R. Civ. P. 15(a)).  With regard to the requirement that courts grant leave freely, the Supreme Court of the United States has made clear that "this mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182 (1962).  However, the decision of whether to grant leave to amend a pleading is committed to the sound discretion of the trial court.  Goldsmith v.

Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008).  Denial of leave to amend is only appropriate in the following circumstances:  (1) where there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Defendant does not argue that any of these bases for denying leave to amend are present.  Indeed, Defendant "does not oppose Plaintiff's proposed amendment in principle" and opposed the Motion to Amend because granting the amendment at the time the motion was filed would have been "counterproductive to settling this case through mediation."  [Doc. 30, pp. 2, 4].  Because "Defendant's only objection to Plaintiff's motion [was] its timing" and the mediation is now complete, the Court will **GRANT** leave to amend.

**C.     Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are generally disfavored."  Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC, 186 F. Supp. 3d 1370, 1374 (N.D. Ga. 2016).

Defendant argues that certain paragraphs should be struck from the original complaint because the allegations contained therein either violate Federal Rule of Evidence 408 or contain confidential information. The Court considers each argument in turn.

**1. Rule 408**

Defendant seeks to have several paragraphs struck pursuant to Federal Rule of Evidence 408. That Rule generally prohibits the admissibility of evidence related to settlement negotiations. However, "[c]ourts disagree on whether Rule 408 evidentiary objections may properly be raised in a Rule 12(f) motion to strike." Johnson v. Proctorio, Inc., No. CV-21-00691, 2022 WL 621766, at *1 (D. Ariz. Mar. 3, 2022). Some courts have stricken allegations that violate the rule's policies, even while noting that Rule 408 "does not apply to pleadings directly." Philadelphia's Church of Our Savior v. Concord Twp., No. Civ.A. 03-1766, 2004 WL 1824356, at *2 (E.D. Pa. July 27, 2004); see also United States ex rel. Alsaker v. CentraCare Health Sys., Inc., No. Civ. 99-106, 2002 WL 1285089, at *2 (D. Minn. June 5, 2002). Other courts have instead held that—because "Rule 408 is a rule of evidence, not a rule of pleading, and the allegations contained in the Amended Complaint are not evidence"—it is not proper to grant a motion to strike on Rule 408 grounds. Jordan v. Comcast Cable Comm'ns. Mgmt., LLC, No. 14-

CV-03622, 2015 WL 4164826, at *3 (N.D. Ga. July 9, 2015).  These courts have held that disputes over Rule 408 "should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule 12(f) motions." Harris v. Torus Nat'l Ins. Co., No. 14-CV-1001-T-33AEP, 2014 WL 3053257, at *4 (M.D. Fla. July 7, 2014) (citation omitted).

The Court finds the latter view more persuasive.  Courts in this circuit routinely decline to address evidentiary issues through a Motion to Strike.  See Greene v. Bd. of Regents of the Univ. Sys. of Georgia, No. CV421-277, 2022 WL 18717414, at *2 (S.D. Ga. Apr. 5, 2022) (collecting cases).  And the Court finds that, because pleadings are not evidence, it would be inappropriate to strike material from a pleading on evidentiary grounds.  See Wright v. Farouk Sys., Inc., 701 F.3d 907, 911 n.8 (11th Cir. 2012) ("[P]leadings are only allegations, and allegations are not evidence of the truth of what is alleged."); Askan v. Faro Techs., Inc., No. 6:23-CV-920, 2023 WL 7411243, at *5 (M.D. Fla. Oct. 6, 2023) (declining to grant motion to strike where the movant provided no authority that is "binding or within the Eleventh Circuit . . . to support the proposition that the Court should strike material from a pleading based solely on Rule 408").

### 2. Confidentiality

Defendant seeks to strike the remaining paragraphs on the ground that they contain confidential information related to settlements in which Defendant took part as a lawyer. Specifically, he argues that this information should be stricken because:

> (1) settlement agreements typically contain confidentiality provisions that prohibit disclosure of settlement terms; (2) Plaintiff learned this information through his relationship with Defendant and owes duties of confidentiality; (3) the information constitutes attorney-client privileged information regarding Defendant's representation of third-party clients; (4) disclosure violates professional responsibility rules governing confidentiality of client information; and (5) the settlement amounts and attorney fee information from unrelated cases is irrelevant to the underlying employment claims and highly prejudicial.

[Doc. 5, p. 11]. Defendant does not cite any authority in support of this list of arguments.

While it may be true that settlement agreements "typically" include confidentiality provisions, Defendant does not provide any details that show that this particular settlement agreement contained such a provision. And Plaintiff's response includes an exhibit of a news article that discusses the amount of the settlement, undermining Defendant's claim that this information is truly confidential. [Doc. 19, pp. 20–21]. Without detailed facts showing that this

7

specific information was confidential, the Court finds that Defendant has not shown that striking these paragraphs is warranted.

The same goes for the rest of the proffered grounds for striking these paragraphs. Defendant does not elaborate on what duties Plaintiff owes or how the information is protected by attorney-client privilege. Indeed, the paragraphs that Defendant seeks to strike relate only to a settlement amount and attorney's fees, not communications between attorneys and clients. [Doc. 5, pp. 10–11]. Defendant similarly does not explain what client information is used in the Complaint, which rules of professional conduct are violated by including this information or how the information is irrelevant to the instant case. Without concrete arguments as to how the information is confidential or otherwise should be struck under Rule 12(f), the Court finds that Defendant has not met his burden to show that striking these paragraphs is warranted.

Because neither Rule 408 nor the confidentiality arguments made by Defendant support striking any material from the original Complaint, the Motion to Strike is **DENIED**.

## CONCLUSION

For the foregoing reasons: Plaintiff's Motion to Compel Service, [Doc. 6], is **DENIED** as moot; Plaintiff's Motion for Leave to Amend, [Doc. 29], is

**GRANTED**; and Defendant's Motion to Strike, [Doc. 5], is **DENIED**. The Clerk is **DIRECTED** to docket the proposed amended complaint, [Doc. 29-1], along with its attachments, [Doc. 29-2]; [Doc. 29-3]; [Doc. 29-4]; [Doc. 29-5].

**SO ORDERED** this 17th day of November, 2025.

J. P. BOULEE
United States District Judge