UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 09 2025

KEVIN P. WEIMER, Clerk
By⎯⎯⎯⎯ Deputy Clerk

MICHAEL E. SULLIVAN, JR.,

Plaintiff,

v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

## PLAINTIFF'S MOTION FOR ORDER DIRECTING CLERK TO ISSUE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(A)(3) AND STANDING ORDER 09-01

Plaintiff Michael E. Sullivan, Jr., proceeding *pro se*, respectfully moves

this Court for an order directing the Clerk to issue a subpoena pursuant to

Federal Rule of Civil Procedure 45(a)(3) and Standing Order 09-01 ("SO 09-

01"). In support thereof, Plaintiff shows the Court as follows:

### INTRODUCTION

Plaintiff seeks an order directing the Clerk to perform a ministerial act:

issue a subpoena. Federal Rule of Civil Procedure 45(a)(3) commands that the

Clerk "must issue a subpoena, signed but otherwise in blank, to a party who

requests it." Plaintiff presented a properly completed Form AO 88B to the

public desk of the Clerk's Office on November 26, 2025 and, pursuant to SO 09-

01, the Clerk should have complied with the directive that "the Clerk shall

refer a pro se litigant to the deputy clerk of the judge to whom the case is

assigned for issuance of the subpoena." A true and correct copy of Plaintiff's

1

November 26, 2025 request and proposed subpoena is attached hereto as Exhibit A, and a revised proposed subpoena reflecting a later compliance date is attached as Exhibit B.

Instead, it appears that the pre–SO 09-01 policy that SO 09-01 rescinded was mistakenly applied, and on December 4, 2025, Plaintiff was informed the proposed subpoena was not approved and was not provided with further explanation. SO 09-01 explicitly provides that "in no event shall the pro se litigant attempt to directly contact the deputy clerk or the judge," leaving Plaintiff unable to obtain a subpoena that Rule 45 requires the Clerk to issue, while barred by SO 09-01 from communicating directly with the officials who refused to issue it.

## FACTUAL BACKGROUND

The Court referred the case to mediation and stayed discovery pending the parties' participation. [Docs. 22, 23]. Following an unsuccessful full-day mediation on October 30, 2025 [Doc. 32], the parties filed a Joint Status Report on November 12, 2025. [Doc. 34]. That same afternoon, Defendant's counsel filed a Certificate of Consent to Withdraw as Attorney, leaving Defendant proceeding *pro se*. [Doc. 33]. The next day, on November 13, 2025, the Court entered a text order reopening discovery through March 13, 2026. (Text Order, Nov. 13, 2025).

2

On November 17, 2025, this Court entered an Order granting Plaintiff's Motion for Leave to Amend. [Doc. 35]. On November 18, 2025, Defendant served his Initial Disclosures—ninety-eight days late—admitting that "once Plaintiff refused payment, Defendant ceased tracking hours" for Plaintiff's "verifiable employment." (Def.'s Initial Disclosures § 3(D)). This position is directly contradicted by Defendant's June 8, 2025 text message, sent on a Sunday at 3:45 p.m.—just three days after Plaintiff's second attempt to serve him and while Defendant still had not returned the waiver-of-service form—in which Defendant told Plaintiff: "I am sorry Mike going to airplane mode trying to calculate hours will not bother you again." [Doc. 10 at 5; Ex. L]. On December 1, 2025, Defendant's position shifted again; in his Answer to the First Amended Complaint, he now claims "No hour sheets were provided by the Plaintiff, even after he was told to keep track of his hours at the onset of the relationship." [Doc. 38 at 58].

On November 26, 2025, Plaintiff hand-delivered a completed Form AO 88B "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" to the Clerk's public intake desk for the issuance of a subpoena seeking Plaintiff's own GPS ankle-monitor location data for the period of his employment (March 1, 2022 – March 31, 2023). The intake clerk informed Plaintiff that because he is pro se, a judge must authorize the subpoena before issuance. That same day, Plaintiff served his

3

First Supplemental Disclosures on Defendant and mailed them to the Clerk for filing (later docketed at [Doc. 41]), which expressly disclosed the pending subpoena to Defendant, who raised no objection.

On December 3, 2025, Plaintiff contacted the Clerk's office via phone to request the status of his subpoena request and was advised that it was still pending. He inquired as to the policy which required judicial approval and was pointed to the "General, Standing, and Administrative Orders" section of this District's website. On December 4, 2025, the Clerk's office contacted Plaintiff to inform him that his subpoena would not be issued and no additional information was provided.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a)(3) mandates that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." The rule does not distinguish between represented and unrepresented parties.

Effective September 16, 2009, SO 09-01 expressly rescinded "[t]he long-standing policy of this Court requiring judicial approval before issuance of a subpoena by the Clerk to a pro se litigant." Instead, SO 09-01 mandates that "[t]he pro se litigant shall request the issuance of a subpoena at the public desk of the Clerk's Office, after which the appropriate Deputy Clerk will be contacted." The Order further provides that "in no event shall the pro se

4

litigant attempt to directly contact the deputy clerk or the judge assigned to the case."

Courts in this District apply Rule 45(a)(3) and SO 09-01 in exactly this manner. See, e.g., *Price v. City of Johns Creek*, No. 1:11-cv-03389-CAP, ECF No. 12 (N.D. Ga. Nov. 9, 2011) ("the five subpoenas sought by the plaintiff will be issued and mailed to him. All future requests for subpoenas shall be made in accordance with Standing Order 09-01."); *Crossley v. Technical Coll. Sys. of Ga.*, No. 1:17-cv-01558-CAP, ECF No. 65 (N.D. Ga. Oct. 17, 2018) ("the plaintiff appeared in person at the intake counter of the clerk of court seeking issuance of the subpoenas. Pursuant to this court's standing order, the request was referred to the deputy clerk assigned to the undersigned.").

## ARGUMENT

### I.     Rule 45(a)(3) and SO 09-01 Make Issuance a Ministerial Act

Rule 45(a)(3) provides that the Clerk must issue a subpoena to a party who requests it, and SO 09-01 rescinded any requirement of judicial pre-approval for subpoenas requested by pro se litigants. SO 09-01 instead channels such requests through the Clerk's public counter and bars the *pro se* litigant from directly contacting chambers.

Plaintiff followed that procedure exactly: he appeared at the public desk, submitted a properly completed AO 88B subpoena, disclosed the subpoena to Defendant in his First Supplemental Disclosures [Doc. 41], and, on the day it

was provided to the Clerk's Office, set a reasonable thirty-four-day return date (December 30, 2025), which Plaintiff has since extended in the revised proposed subpoena attached as Exhibit B. If the Court grants this motion, Plaintiff will serve Defendant with any issued subpoena before serving "A AND A All County Monitoring Services, Inc." as required by Rule 45(a)(4).

The subpoena has not been issued, and Plaintiff has not been provided with a substantive basis for the Clerk's non-issuance. Absent Court intervention, Plaintiff is trapped in a procedural dead end: he cannot obtain the third-party records he needs to prosecute his case, and he cannot communicate directly with the decision-makers who have refused to issue the subpoena.

## II.  The Subpoena Seeks Narrow, Case-Specific Evidence

The subpoena is directed to "A AND A All County Monitoring Services, Inc." and seeks only Plaintiff's own GPS ankle-monitor location data for the period of his employment (March 1, 2022 through March 31, 2023). It does not seek information about any other monitored individuals or any generalized customer datasets; it is limited to Plaintiff's own monitoring data and the minimal supporting documentation necessary to interpret and authenticate that data.

Plaintiff intends to use this GPS data to fix his whereabouts and movements during the time period at issue in this case, to corroborate his

account of events, and to respond to Defendant's version of those events. Because the data is maintained by a third party, Plaintiff cannot obtain it through ordinary party discovery. A Rule 45 subpoena is the only practical mechanism for securing these records, and they fall comfortably within Rule 26(b)(1)'s scope of "any nonprivileged matter that is relevant to any party's claim or defense."

## III.   Defendant's Contradictions Require Third-Party Verification

The Defendant's narrative regarding timekeeping has shifted three times, rendering his discovery responses unreliable and necessitating third-party verification.

Before filing his Answer, on June 8, 2025, Defendant texted Plaintiff stating he was "going to airplane mode trying to calculate hours will not bother you again." [Doc. 10 at 5; Ex. L]. Defendant's June 8 admission that he was "calculating hours" confirms that records existed at the commencement of this litigation, but five months later, he denies the very existence of the same hours he previously claimed he was "calculating."

In his Initial Disclosures, Defendant claims "no amount of hours was calculated based on Plaintiff's refusal to take money." (Def.'s Initial Disclosures § 3(A)). This assertion is not credible: to have determined a payment amount that Plaintiff allegedly rejected, Defendant necessarily must have known and tracked the hours worked.

In his Answer, filed just thirteen days after serving his Initial Disclosures, Defendant now claims "Defendant orally offered $10 per hour payment in front of a coffee machine during the first week, instructing Plaintiff to track hours via text." [Doc. 38 at 4]. Defendant asks this Court to disregard the written offer letter stating "this position is considered 'exempt' according to the Fair Labor Standards Act (FLSA)," a document verified by Defendant himself and relied upon by a State Court to modify Plaintiff's bond conditions, in favor of an unverifiable "coffee machine" conversation during which it was immediately determined Plaintiff would be reclassified and given a 38% raise on his first day. [Doc. 38 at ¶¶ 85-93]. Defendant has failed to supplement his disclosures regarding this alleged conversation or even file the certificate of service for his Initial Disclosures, and he cannot point to the 'track hours …' text because none exists. [Doc. 38 at 4]. There is no plausible explanation for Defendant offering a rate 38% higher than the federal minimum wage while simultaneously failing to pay any wages at all from day one.

Defendant has shifted his position from admitting he was "trying to calculate hours," in June 2025, to claiming he "ceased tracking hours" in 2022, to asserting he instructed "Plaintiff to keep track of his hours" during the first week of employment. [Doc. 10 at 5, Ex. L; Def.'s Initial Disclosures § 3(D); Doc. 38 at 4]. After serving his Initial Disclosures ninety-eight days late and still failing to properly file a certificate of service despite noting it was "to be filed,"

Defendant has failed to supplement his disclosures under Rule 26(e) with this material change in his defense. Plaintiff cannot rely on Defendant's discovery responses for accurate information.

Consequently, the subpoenaed GPS location data from "A AND A All County Monitoring Services, Inc." is not merely relevant; it is likely the sole surviving independent objective record of Plaintiff's work hours maintained by a neutral third party. By refusing to issue the subpoena, the Clerk is preventing Plaintiff from preserving the only third-party data capable of surviving Defendant's procedural misconduct. [Doc. 10 at 5, Ex. L; Def.'s Initial Disclosures § 3(D); Doc. 38 at 4].

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(1)   Directing the Clerk of Court to issue a subpoena on Form AO 88B, signed but otherwise in blank, for use in serving "A AND A All County Monitoring Services, Inc.", and to mail the issued subpoena to Plaintiff at his address of record; and

(2)   In the alternative, to the extent the Court concludes that judicial involvement is required for issuance of this subpoena, Plaintiff respectfully requests that the Court itself sign the proposed

9

subpoena attached hereto as Exhibit B or otherwise authorize issuance of a subpoena in substantially the same form.

(3)    Granting such other and further relief as the Court deems just and proper.

## EXHIBIT LIST

Ex. A    Plaintiff's Request for Issuance of Subpoena (Nov. 26, 2025)

Ex. B    Proposed Subpoena for Issuance

Respectfully submitted this 9th day of December, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

## FONT AND POINT CERTIFICATION

The undersigned Plaintiff hereby certifies that the within and foregoing **PLAINTIFF'S MOTION FOR ORDER DIRECTING CLERK TO ISSUE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(a)(3) AND STANDING ORDER 09-01** was prepared using Century Schoolbook, 13-point font in accordance with LR 5.1(C).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ORDER DIRECTING CLERK TO ISSUE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(a)(3) AND STANDING ORDER 09-01** was served upon Defendant by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

W. Michael Maloof, Jr.
The Maloof Law Firm

215 North McDonough Street
Decatur, GA 30030-3319

This, the 9th day of December, 2025.

**Michael E. Sullivan, Jr.,**
Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

# Exhibit A

## Plaintiff's Request for Issuance of Subpoena (Nov. 26, 2025)

Michael E. Sullivan, Jr.
3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com


November 26, 2025


**VIA HAND DELIVERY**


Clerk of Court
United States District Court, Northern District of Georgia
Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303


**RE:    Michael E. Sullivan, Jr. v. W. Michael Maloof, Jr., d/b/a The Maloof Law Firm**
**Civil Action No. 1:25-cv-02006-JPB**
**Plaintiff's Request for Issuance of Subpoena**


Dear Clerk of Court:


Pursuant to Fed. R. Civ. P. 45(a)(3), Plaintiff respectfully requests that the Clerk sign and issue the attached subpoena to:

A AND A All County Monitoring Services, Inc.
c/o Jake Evans, Registered Agent
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305

Sincerely,

Michael E. Sullivan, Jr.
Plaintiff *pro se*


PI's Motion for Order Directing Clerk to Issue Subpoena
Exhibit **A** of **B**
Page **1** of **7**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., | ) |
| *Plaintiff* | ) |
| v. | ) |
| W. MICHAEL MALOOF, JR., d/b/a THE MALOOF | ) |
| LAW FIRM | ) |
| *Defendant* | ) |

Civil Action No. 1:25-cv-02006-JPB

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: A AND A ALL COUNTY MONITORING SERVICES, INC. c/o Jake Evans, Registered Agent
3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attachment A**

| Place: Email delivery to msullivanjr@gmail.com preferred. 3324 Peachtree Road NE Unit 1405, Atlanta, GA 30326 | Date and Time: 12/30/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/26/2025

*CLERK OF COURT*

OR

_____     N/A
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff pro se _____, who issues or requests this subpoena, are:
By email to: msullivanjr@gmail.com OR by mail/delivery to: 3324 Peachtree Road NE, Unit 1405, Atlanta, GA 30326

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
in ~~Pl's Motion for Order Directing Clerk to Issue Subpoena~~ of the subpoena must be served on each party in this case before
it ~~Exhibit A of B~~ . Civ. P. 45(a)(4).
~~Page 2 of 7~~

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-02006-JPB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                 *Server's signature*

                                        _____
                                                 *Printed name and title*


                                        _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL E. SULLIVAN, JR.,

    Plaintiff,

      v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

    Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION: ATTACHMENT A

### DEFINITIONS & INSTRUCTIONS

1.    **"A&A"** means A AND A All County Monitoring Services, Inc., and its predecessors, parents, subsidiaries, and agents.

2.    **"Subject"** means Michael E. Sullivan, Jr, who was monitored during the period March 1, 2022 through March 31, 2023 by Fulton County Pretrial Services.

3.    **Timeframe**: March 1, 2022 through March 31, 2023.

4.    To the extent any responsive data is no longer retained, please state the retention policy and provide a declaration identifying what was deleted, when, and by what process.

5.    If any material is withheld or redacted, provide a privilege log.

### REQUESTS

1.    **Raw GPS/Location Data:** All raw GPS or location logs for the Subject during the timeframe, including timestamp, latitude/longitude, horizontal accuracy, device identifier(s), and any event codes/status flags.

2.    **Alerts & Events:** All tamper alerts, strap/CAM events, geofence/curfew violations, device power/charging, no-signal periods, and any exception reports for the timeframe.

3.    **Device & Account Metadata:** Device type/model/SN or unique ID(s), monitoring platform/vendor, activation/deactivation dates, assigned officer/agent, and any configuration settings (e.g., sampling frequency, geofences/curfew schedules).

4.    **Install/Removal & Chain of Custody:** Installation/removal records, sign-in/out logs, custody transfer logs, and any integrity/validation checks performed.

5.    **Data Dictionary/Schema & Accuracy Materials:** The data dictionary/schema for the exports, plus any standard documentation describing data accuracy, sampling, and known system limitations.

6.    **Retention Policies:** Policies applicable to GPS/location data for the timeframe.

Respectfully submitted this 26th day of November, 2025.

**Michael E. Sullivan, Jr.,**

Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

# Exhibit B

## Proposed Subpoena for Issuance

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| MICHAEL E. SULLIVAN, JR., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:25-cv-02006-JPB |
| W. MICHAEL MALOOF, JR., d/b/a THE MALOOF LAW FIRM | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          A AND A ALL COUNTY MONITORING SERVICES, INC. c/o Jake Evans, Registered Agent
3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:          See Attachment A

| Place: Email delivery to msullivanjr@gmail.com preferred. 3324 Peachtree Road NE Unit 1405, Atlanta, GA 30326 | Date and Time: 01/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  *CLERK OF COURT*  | |
|---|---|
| | OR |
| _____ | _____N/A_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff pro se _____, who issues or requests this subpoena, are:
By email to: msullivanjr@gmail.com OR by mail/delivery to: 3324 Peachtree Road NE, Unit 1405, Atlanta, GA 30326

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the in [Pl's Motion for Order Directing Clerk to Issue Subpoena] of the subpoena must be served on each party in this case before it [Exhibit **B** of **B** Page **1** of **6**] . Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-02006-JPB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MICHAEL E. SULLIVAN, JR.,

    Plaintiff,

      v.

W. MICHAEL MALOOF, JR.,
d/b/a THE MALOOF LAW FIRM,

    Defendant.

Civil Action No.:

**1:25-cv-02006-JPB**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION: ATTACHMENT A

## DEFINITIONS & INSTRUCTIONS

1.    **"A&A"** means A AND A All County Monitoring Services, Inc., and its predecessors, parents, subsidiaries, and agents.

2.    **"Subject"** means Michael E. Sullivan, Jr, who was monitored during the period March 1, 2022 through March 31, 2023 by Fulton County Pretrial Services.

3.    **Timeframe**: March 1, 2022 through March 31, 2023.

4.    To the extent any responsive data is no longer retained, please state the retention policy and provide a declaration identifying what was deleted, when, and by what process.

5.    If any material is withheld or redacted, provide a privilege log.

## REQUESTS

1.    **Raw GPS/Location Data:** All raw GPS or location logs for the Subject during the timeframe, including timestamp, latitude/longitude, horizontal accuracy, device identifier(s), and any event codes/status flags.

2.    **Alerts & Events:** All tamper alerts, strap/CAM events, geofence/curfew violations, device power/charging, no-signal periods, and any exception reports for the timeframe.

3.    **Device & Account Metadata:** Device type/model/SN or unique ID(s), monitoring platform/vendor, activation/deactivation dates, assigned officer/agent, and any configuration settings (e.g., sampling frequency, geofences/curfew schedules).

4.    **Install/Removal & Chain of Custody:** Installation/removal records, sign-in/out logs, custody transfer logs, and any integrity/validation checks performed.

5.    **Data Dictionary/Schema & Accuracy Materials:** The data dictionary/schema for the exports, plus any standard documentation describing data accuracy, sampling, and known system limitations.

6.    **Retention Policies:** Policies applicable to GPS/location data for the timeframe.

Respectfully submitted this 9th day of December, 2025.

**Michael E. Sullivan, Jr.,**

Plaintiff *pro se*

3324 Peachtree Road NE, Unit 1405
Atlanta, GA 30326
(678) 372-3000
msullivanjr@gmail.com

FILE INTO CASE
**1:25-cv-02006-JPB**
Sullivan v. Maloof

Filer: Michael E. Sullivan Jr.